CASE No. 1016.

## THOMSON v. SEXTON.

1. Error may be committed in charging a correct principle of law as governing a case, where such principle is inapplicable to the issues on trial.
2. That a sound price warrants a sound commodity is a correct rule, but does not apply where the defendant, after trial of a cotton gin, and with full knowledge of its defects, gave his note for a price agreed upon, relying upon the promise of plaintiff to repair the machine.

Before THOMSON, J., Spartanburg, October, 1879.

Action upon sealed note by H. H. Thomson against F. M. Sexton, commenced January 28th, 1878. The case is fully stated in the opinion.

*Mr. J. S. R. Thomson,* for appellant.

*Messrs. Bobo & Carlisle,* contra.

March 30th, 1881. The opinion of the court was delivered by

McIVER, A. J. This action was brought to recover the balance due on a note, under seal, for $133.60, dated February 1st, 1876, and payable one day after date, upon which there was a payment by defendant on March 15th, 1876, of $36.60. The defence set up by the answer was that the note was given under the following circumstances: "That in 1875 defendant had contracted with plaintiff to purchase a cotton gin for $207; that plaintiff then furnished him with an old gin to be used without charge until a new gin arrived; that defendant used old gin during the winter of 1875 and 1876; that about January 1st, 1876, defendant paid plaintiff $60; that in February, 1876, defendant offered plaintiff to return old gin to him and let him keep the $60, and end the matter; that plaintiff refused, but promised, at next fall, to send a party to fix up the gin to

defendant's satisfaction, and would deduct $30, or that plaintiff would send and let him have new gin; that defendant thereupon paid $30 and gave his obligation as alleged in complaint; that plaintiff never sent any one to fix up the gin." At the trial the plaintiff testified that he had agreed in 1876 to furnish defendant a new gin; that in February, 1876, defendant agreed to take the gin first furnished, which was nearly new and a good gin; that a settlement of accounts was then had for the gin and belting furnished, and defendant thereupon gave the note upon which this action was brought, and that it was his custom to send out his machinist to fix up gins sold by him, and he would have done so for defendant if defendant had asked him. Defendant testified to the effect set forth in his answer; that the pinion of the gin was worn; that it was not worth more than the money he had already paid on it; that after using it a short time he laid the gin aside and used his old gin that he had been using for years, and has not used the gin he received from plaintiff since; that he gave his note to plaintiff under the distinct understanding that plaintiff would send a machinist to repair the gin to defendant's satisfaction the following autumn or send him a new gin; that the machinist never came to repair the gin, and a new one was never tendered. He also stated that he had "tendered back the gin before the note was given, but not afterwards, until February, 1878," which seems to have been after this action was commenced, as it is stated in the "case" that the summons and complaint were served January 28th, 1878. The defendant also introduced several witnesses who testified to the same effect as to the value of the gin, some of them saying that the gin was not worth $50. The plaintiff, in reply, introduced testimony that the gin was a valuable one, and could be repaired at a very small expense.

The Circuit judge charged the jury "that the rule was that a sound price warranted a sound commodity, and that if the gin sold to defendant was worth no more than had already been paid for it, then the jury should find for the defendant." The jury having found for the defendant the plaintiff made a motion for a new trial, which motion was refused, "on the grounds that, although a new contract might have been made in which the

defects of the gin had been considered, yet the rule that a sound price warrants a sound commodity, was the rule by which the case should be governed, and that if the jury believed the statement of the defendant, the verdict could be upheld on the ground that plaintiff had received already the value of the gin." Exceptions having been duly taken to the charge, as well as to the refusal of the motion for a new trial, the case is now brought here by appeal based on these exceptions.

It is undoubtedly true, as a general proposition of law, that a sound price requires a sound commodity, but the real question raised by this appeal is, whether this proposition of law is applicable to the facts of this case. Error may be committed not only by laying down to the jury incorrect general principles of law, but also by applying correct principles of law to cases in which they are not properly applicable. The maxim of the civil law that a sound price calls for a sound commodity, which has been adopted in this state, applies to cases where the defect in the thing sold was unknown to the purchaser at the time of the sale, or where, by fraud or misrepresentation, the purchaser is misled as to the character, extent or probable consequences of the defect known to him at the time of the sale. The object of the rule formulated in this maxim, is to protect the purchaser against *latent* defects and against fraud and circumvention, and it was never designed to enable persons to get rid of injudicious contracts fairly made, under a full knowledge of all the circumstances relating to the subject matter of such contracts. *Whitefield* v. *McLeod,* 2 *Bay* 384; *Rose & Rogers* v. *Beattie,* 2 *N. & McC.* 540; *Watson* v. *Boatwright,* 1 *Rich.* 404; *Wood* v. *Ashe,* 3 *Strob.* 71. Even in the case of *Barnard* v. *Yates,* 1 *N. & McC.* 148, where the rule has been carried as far as, perhaps, in any other case, Gantt, J., delivering the opinion of the court, says, in speaking of this rule, that it " can have no application or bearing where the buyer is correctly informed of the true nature and quality of the thing purchased, whatever may be its defects, or whatever the price agreed to be paid for it." Now, in this case, the defect in the gin was well known to the purchaser at the time he made the contract sued upon—perhaps better known to him than to the vendor, as he had been using the gin for the

season immediately preceding—and the only defect mentioned in the testimony—the wearing of the pinion—was, according to the testimony, slight, and could have been repaired "at a very small expense." It seems to us, therefore, that the maxim that a sound price warrants a sound commodity, had no application to the case made, and that the Circuit judge erred in instructing the jury that the case should be governed by that rule, and that if the gin sold to defendant was worth no more than had already been paid for it, then the jury should find for the defendant. Such an instruction afforded the jury an opportunity to substitute their own estimate, based upon the testimony in the case, of the value of the gin, for that fixed by the agreement of the parties; and it may be that the jury concluded that the price agreed upon by the parties was too large. Be that as it may, however, the testimony shows that the defendant agreed to give a certain price for the gin, knowing at the time of the defect in it, and relied upon the agreement of the plaintiff to have such defect repaired. If the plaintiff failed to do so, then all that the defendant could require would be to be allowed a discount for so much as such repairs would cost, and the plaintiff would be entitled to judgment for the balance of the price agreed upon, whether that price be larger or smaller than what the jury might believe the article was really worth. Suppose the parties had fixed upon $150 as the value of the gin with the defect repaired, and that the cost of such repairs would be $10, then, according to the contract, the plaintiff would be entitled to recover the difference—$140. But if the jury, as they may have done under the charge of the judge, substituted their own estimate of the value of the gin for that agreed upon by the parties, and, adopting the views of some of the witnesses, had fixed the value at $50, then the plaintiff could only recover $40.

When parties make a contract in which there is no fraud—and there is none charged here—they must be held to the contract as they have made it, and cannot be allowed to ask a jury to make one for them. The defendant, knowing of the defect in the gin, agreed to give a certain price for it, relying upon the agreement of the plaintiff to have such defect repaired, and he must be held to his part of the contract *as he made it,* for he took

no steps to rescind the contract, even if, under the circumstances, he would have had the right to do so, until after this action was commenced; and if the plaintiff has failed to perform his part of the contract by having the defect repaired, then the defendant would be entitled to a discount to the amount of the cost of such repairs.

The judgment of the Circuit Court is reversed and a new trial is ordered.

SIMPSON, C. J., and McGOWAN, A. J., concurred.