J. MITCHELL BROWN v. SOUTHERN RAILWAY COMPANY.

(Filed 22 May, 1907).

1. **Negligence—Evidence—Nonsuit.**—If there is sufficient evidence to support the finding of the jury, a motion as of nonsuit upon the evidence should be refused: when there was evidence that the plaintiff was at work under the direction of the defendant upon its track, and was injured by being run into by defendant's approaching train; that there was no proper warning given or lookout kept by those in charge of the train; that the position of the plaintiff was such as to render him insensible to danger, there being considerable noise from other causes to prevent his hearing the train, the question of fact is sufficiently raised to go to the jury.

2. **Same—Contributory Negligence—Instructions.**—It is sufficient if the Judge below substantially charges, in accordance with a proper request. Under pertinent evidence the following charge is correct upon the issue of contributory negligence: If the jury find from the evidence that the plaintiff was in the performance of his duties to the defendant so near to the track as to be stricken

by defendant's approaching train, if he did not move out of the way; that defendant's engineer blew the whistle so that plaintiff, under the circumstances as known to him, could have heard it in time to avoid the danger, he could not recover.

ACTION to recover damages for personal injuries, tried at October Term, 1906, of the Superior Court of BUNCOMBE county, before *O. H. Allen, J.,* and a jury. The usual issues of negligence, contributory negligence and damage were submitted. The findings were in favor of the plaintiff. From the judgment rendered, the defendant appealed.

*Locke Craig, George A. Shuford, Shepherd & Shepherd* for plaintiff.

*Moore & Rollins* for defendant.

BROWN, J.   The evidence in behalf of the plaintiff tends to prove that he belonged to a "regular section squad" of the defendant, and that at the time of the injury he was engaged in repairing defendant's track, under the direction of Foreman Lominac, in the depot yard at Alexander, a station on defendant's road.   At this point there is a main track and two side tracks.   The plaintiff, with the others of the squad, was engaged in leveling ballast between the rails of the center or main track.   While so engaged he was run into by an approaching freight train and injured.   At the time of the injury plaintiff testifies that he was obeying the directions of foreman Lominac in leveling the ballast, and that "he was all over the track—had to be."   Plaintiff also offers evidence tending to prove that the whistle was not blown and no other warning given him of the approaching train, and that if a proper lookout had been kept the engineman could have avoided striking him.   There was also testimony tending to show that the position of the plaintiff was such as to indicate that he was insensible to the danger.   His back was turned toward the approaching train and he was engaged in shovel-

ing ballast, which necessarily causes considerable noise, and also that the river and mill dam near there always made noise—a "roaring noise all the time"—which prevented his hearing the train. The evidence also discloses that at the time an engine was standing by on the siding, blowing off steam.

The evidence of the defendant's witnesses tended to contradict the plaintiff very materially, and to prove not only that the engineman gave the precautionary signals, but that plaintiff heard them and heeded them by stepping off the track, and that plaintiff stated that he thought he had stepped off the track far enough to avoid injury and that his injury was due entirely to his own negligence. The value of this declaration is denied by the plaintiff, who states he was not in his right mind when he made it.

An examination of the evidence discloses that, while the defendant made out a very strong case upon both issues, his Honor committed no error in denying the motion to nonsuit, as the summary of plaintiff's evidence given in this opinion shows. The jury adopted the plaintiff's version of the facts, and, that being so, the law is too well settled to need any further discussion to sustain the refusal of his Honor to nonsuit. *Smith v. Railroad,* 132 N. C., 824, and cases cited.

The defendant excepts further to the failure of the Court to give special instruction No. 5. We think the desired instruction was substantially given and that view of the case fully presented to the jury. His Honor charged that, "If the jury shall find from the evidence that the plaintiff, in the performance of his duties, was at a point on or near the track upon which one of the trains was approaching, and so near as to be stricken by said train if he did not move himself out of the way; that the defendant's engineer blew the whistle of the engine in time while approaching the plaintiff, and in such a way and manner as that the plaintiff could have heard

it, under such circumstances of the situation as was known to the defendant, and in time for him to have moved out of danger, then the defendant performed its duty to the plaintiff, and the answer to the first issue should be 'No.'" The Court further told the jury that the engineman had a right to assume, if he saw plaintiff on or near the track, that he would remove to a place of safety after the whistle had been blown reasonably sufficient under the circumstances to give proper warning. The charge of his Honor is very full, and presented to the jury with impartiality and ability the different phases of the evidence and the contentions of both parties. The matter is plainly one of fact, and the findings of the jury are supported by evidence.

No Error.