### 12463

#### CARROLL v. LUMPKIN *ET AL.*

#### (143 S. E., 648)

1. AUTOMOBILES—EVIDENCE OF DEFENDANT'S NEGLIGENCE IN BACKING ITS OIL TRUCK ACROSS SIDEWALK AND RUNNING OVER BOY HELD SUFFICIENT TO TAKE CASE TO JURY.—In action for injury to boy run over by oil truck while it was backing across sidewalk on driveway from defendant oil company's yard, evidence of defendant's negligence *held* sufficient to take case to jury, as against motion for nonsuit.

2. APPEAL AND ERROR—IN ACTION FOR INJURY TO BOY BY TRUCK BACKING ACROSS SIDEWALK, CHARGE THAT WARNING OF VEHICLE'S APPROACH MUST BE GIVEN HELD NOT PREJUDICIAL TO DEFENDANT

EVEN IF STATUTE NOT STRICTLY APPLICABLE (CR. CODE 1922, § 583).—In action for injuries to boy run over by defendant's oil truck being backed across sidewalk on driveway from defendant oil company's yard, charge that person operating motor vehicle on approaching pedestrian must give warning of its approach by signaling with horn, bell, or otherwise and bring vehicle to stop if necessary, given with explanation that charge was evidently based on Cr. Code 1922, § 583, *held* not prejudicial to defendant under the evidence, even if statute was not strictly applicable.

3. AUTOMOBILES—AUTOMOBILE DRIVER MUST USE CARE OF ORDINARILY CAREFUL PERSON TO AVOID CAUSING INJURY.—It is the duty of drivers of automobiles on public streets and highways to observe the care required of a person of ordinary care and caution so as to avoid injury to themselves and their property and injury to persons and property of others.

Before FEATHERSTONE, J., Oconee, March, 1927. Affirmed.

Action by Homer Roy Carroll, by Henry Lee Carroll, his guardian *ad litem*, against J. Wade Lumpkin and another, as partners in trade under the style and firm name of the Citizens' Oil Company and another. Judgment for plaintiff, and defendants appeal.

*Messrs. Shelor & Hughs*, for appellants, cite: *Evidence insufficient to prove negligence:* 120 S. C., 473. *Necessary to show negligence was proximate cause of injury to be actionable:* 90 S. C., 281; 128 S. C., 358; 29 Cyc., 439; 108 S. C., 516; 38 S. C., 382; 95 S. E., 781; 21 Enc., L., 485. *Duty of operator of motor vehicle:* Sec. 583, Crim. Code. *Charge that above section applicable here was prejudicial:* 128 S. C., 358; 108 S. C., 254.

*Messrs. Herndon & Thompson*, for respondent, cite: *Complaint may allege two or more acts of negligence as contributing to injury; not required to elect which will go to trial on:* Sec. 427, Code Proc.; 142 S. C., 328; 133 S. C., 333; 68 S. C., 55, 68; 48 L. Ed., 907. *Where several grounds of liability are alleged, proof of one sufficient to recovery:* 20 R. C. L., 177; 13 L. R. A. (N. S.), 1214; 167 Pac., 675; 91 S. C., 149; 128 S. E., 471. *Duty of*

*operator of motor vehicle:* 116 S. C., 463; 25 A. L. R., 1508; 134 S. E., 204; 120 S. E., 670; Sec. 583, Crim. Code; 242 S. W., 622; 27 A. L. R., 910; 185 Pac., 851; 10 A. L. R., 291. *As to evidence of signal having been given:* 67 S. C., 347; L. R. A., 1918-A, 744; 120 S. C., 473; 141 S. C., 238. *Nonsuit improper here:* 141 S. C., 238; 139 S. C., 41. *Cases distinguished:* 128 S. C., 358. *Streets of a town or city are public highways:* 33 Stat., 1122; 33 Stat., 1183, 1193; Sec. 2902, 2947, Code; Sec. 4388, Code; 69 S. C., 20; 103 Ind., 349; 7 Ind., 9; 10 Ind., 74; 1 Overton (Tenn.), 311; 29 L. R. A., 416; 19 L. R. A. (N. S.), 1173; 33 Stat., 1206; Secs. 580, 605, Crim. Code. *Court will take judicial notice that injury here occurred upon public highway:* 141 S. E., 182; 15 R. C. L., 1084; 29 A. L. R., 626, 629; 69 N. Y., 250; 28 N. Y., 650; Sec. 583, both remedial and penal statute. *Construction:* 102 S. C., 77; Id., 483, 487. *New trial will not be ordered where verdict of a jury would have been the same if no error had been committed:* 97 S. C., 85; 78 S. C., 73; 75 S. C., 307; 93 S. C., 295; Id., 420; 96 S. C., 388; 97 S. C., 162; 98 S. C., 262; 106 S. C., 433; 114 S. C., 164; 141 S. C., 406.

June 11, 1928.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

This is an action for damages for personal injuries received by the plaintiff, Homer Roy Carroll, a boy between 9 and 10 years of age, through the alleged negligent and willful acts of the defendants.

The accident occurred in the town of Westminster, at a point where the main street runs almost due east and west. The yard of the defendant oil company is located on the north side of the street, about the middle of the block, and is entered from the street by a driveway across the sidewalk; this driveway is about 16 feet wide. The company's storage tanks and shed are located about 30 or 40 feet back from

the street, and their oil wagons, or trucks, are driven into the yard along the driveway, and when loaded are *backed out* across the sidewalk into the street. At the western edge of the driveway is a small office building, extending out very close to the sidewalk. To the east of the driveway is a millinery shop. The sidewalk, which extends along in front of this property, is paved the width of about 5 feet.

On the day of the accident, January 11, 1926, the plaintiff, with several other small boys, was playing "police," and while pushing a small express wagon, in which one of the boys was riding, along the sidewalk at the entrance to the oil yard, was run over by one of the company's trucks which was being backed out of the yard along the driveway across the sidewalk, and was severely injured; both of his legs being broken above the knees.

The fourth paragraph of the complaint alleges:

"That the said damages and injuries to the said Homer Roy Carroll were caused by the negligence, carelessness, recklessness, and wantonness, and the utter disregard of the safety of others and especially of the said Homer Roy Carroll, in the following particulars, to wit: By causing the said motor oil truck to be moved and backed out, over, and upon a much-traveled sidewalk on the said main street of the town of Westminster, at a high and rapid rate of speed, without keeping a lookout and without giving any notice or warning of the movement and approach of the said motor oil truck; the view of the sidewalk being obstructed, and the approach very dangerous."

The defendants pleaded a general denial, and set up the defense of contributory negligence.

The Court overruled the defendants' motion for a nonsuit, made at the close of the plaintiff's testimony, but granted their motion for a directed verdict as to punitive damages. The jury found for the plaintiff in the sum of $350 actual damages, and from judgment entered upon the verdict the defendants appeal.

The appellants argue two assignments of error as made by their exceptions: (1) Error in the refusal of the Court to grant the motion for a nonsuit; and (2) error in charging the provisions of Section 583 of the Criminal Code of 1922. These we shall discuss in order.

With respect to the first assignment of error, the contention is made that the respondent failed to prove the appellants' acts of negligence as alleged in his complaint, and that therefore the trial Judge erred in refusing the motion for a nonsuit. We do not deem it necessary to review at length the testimony. An examination of the record discloses that there was some evidence adduced by the respondent tending to show that the plaintiff was injured upon the sidewalk of the main street of the town; that the appellants were accustomed to back their heavily loaded trucks out of their yard along the driveway across the sidewalk to the street, thus creating a somewhat dangerous situation through the possibility of contact with pedestrians on the sidewalk or with vehicles in the street; that the view of those approaching the driveway along the sidewalk, at the point where the truck backed out of the yard, was obscured or interfered with by reason of the office building on the one side of the driveway and the millinery store on the other. There was also testimony tending to show that the driver of the truck failed to give warning of his approach to the sidewalk, and failed to keep a proper lookout under the circumstances. The jury might reasonably infer from the evidence adduced by the plaintiff that the appellants were negligent in one or more of the particulars alleged in the complaint, and that such negligence on their part was the proximate cause of the plaintiff's injuries. A careful reading of the testimony convinces us that the trial Judge properly refused the motion for a nonsuit.

In *Deason v. Southern Railway Co.,* 142 S. C., 328; 140 S. E., 575, the Court said:

"The Code requires the construction of pleadings in aid of substantial justice, and it is the rule *that the proof of one* specification of negligence and wantonness will entitle plaintiff to a verdict."

See, also, 20 R. C. L., 177.

With respect to the second ground of imputed error, 2 the appellants contend that if, under the evidence, a nonsuit was not proper, they are entitled to a new trial for the reason that the Court erred in charging the provisions of Section 583 of the Criminal Code of 1922, as the provisions of that section are not applicable to the facts of this case, the accident having occurred, not upon a highway, but in the town of Westminster while the appellants were crossing the sidewalk from their own private property into a street.

At the request of the respondent, the Court charged the jury as follows:

"I charge you that, upon approaching a person walking in a roadway or public highway, a person operating a motor vehicle shall give warning of its approach by signaling with a horn, bell, or otherwise, and to bring same to a stop if apparently necessary for the safety of such person."

In connection with this charge, the Court made the following explanation to the jury:

"Now I will have to explain that to you before I can charge it to you. That is evidently based on Section 583 of the Criminal Code, which I will read to you (reading same). Now that refers, Mr. Foreman and gentlemen, as you will see from a reading of it, to a case where you are coming down the road and you see somebody ahead of you, and that is the object of it. And with that explanation I charge that."

The accident, as we have stated, occurred upon the sidewalk of the main street of the town of Westminster, a place provided for and frequented by pedestrians, whose presence there was bound to be anticipated by the driver of a motor

vehicle passing across or over the same. Moreover, the physical conditions at the place of the accident were such as to render the crossing of the sidewalk by the truck from the driveway more than ordinarily dangerous. Under the circumstances presented by the facts of the case, the dictates of common prudence and the exercise of ordinary care and caution required warning to be given of the approach of the motor truck, a dangerous instrumentality, being backed out of the yard across the sidewalk, by the sounding of its horn or otherwise, in order to avoid or minimize the danger of collision with pedestrians at that point. Under the evidence adduced, even though it should be conceded that the provisions of the section in question were not strictly applicable, the charge was not prejudical to the appellants.

In *King v. Holliday,* 116 S. C., 463; 108 S. E., 186, the Court said:

"It is the duty of drivers of automobiles on the public streets and highways to observe due care and caution as a person of ordinary care and caution is required, so as to avoid injury to themselves and their property and injury to the persons and property of others."

We do not deem it necessary to review the case of *Cirsosky v. Smathers,* 128 S. C., 358; 122 S. E., 864, as the facts of that case may be easily differentiated from those of the case at bar.

The trial Judge charged the law fully and as favorably to the defendants as they were entitled to; issues of fact under the evidence were properly submitted to the jury, and the verdict should be allowed to stand.

The judgment of the lower Court is affirmed.

Mr. Chief Justice Watts and Messrs. Justices Cothran, Blease and Carter concur.