16807

CANNON v. MOTORS INS. CORP. *ET AL.*

(79 S. E. (2d) 369)

*Messrs. Leatherwood, Walker, Todd & Mann,* of Green-ville, *for Appellant,*

*Messrs. J. G. Leatherwood* and *C. Victor Pyle,* of Green-ville, *for Respondent,*

December 21, 1953.

TAYLOR, Justice.

This appeal arose out of an action in claim and delivery by respondent, a used car dealer in Greenville, South Carolina, for possession of a 1949 Model Chevrolet automobile.

The complaint of respondent and the answer of appellant each alleged ownership of the said car to be in the respective parties, appellant having acquired such title as it had by virtue of a bill of sale from an alleged former owner to whom it had paid the proceeds of an insurance policy covering the loss of said car by theft. Thus the issue to be determined is the ownership of the car.

The case came on to be heard by the Honorable W. B. McGowan, Judge of the Greenville County Court, and a jury on June 2, 1952, and resulted in a verdict for plaintiff, respondent here; hence this appeal upon exceptions which present the questions of: First, whether or not the trial Judge erred in excluding certain testimony contained in the proffered deposition. Second, whether or not error was committed in refusing to grant appellant's motions for directed verdict and for judgment *non obstante veredicto*.

Appellant attempted to introduce into the record by way of deposition the testimony of one Emma C. Thibault who was identified as being employed by the Chevrolet Detroit Gear and Axle Division of General Motors Corporation as supervisor of records and being such she had in her custody the permanent records of the Chevrolet Motor Car Company, such records having been compiled by the production tags being sent to that office from various places where the parts were produced and assembled. Respondent objected on the ground that such testimony was hearsay. The objection was sustained and the proffered testimony excluded by the trial Judge.

An examination of the transcript reveals that the deposition contained statements by the witness as to what the

records contained but that appellant at no time introduced into the evidence the records themselves. Such records apparently were being used by the witness as reference for her testimony. We are, therefore, not called upon to pass upon the question of whether or not the records themselves would have been a violation of the hearsay rule but whether or not the testimony of a witness who was obtaining her information from such records was a violation of the hearsay rule.

Wigmore on Evidence, Sec. 1521, discusses exceptions to the hearsay rule and the proffered testimony falls within none of the listed exceptions as the testimony sought to be incorporated into the evidence was the testimony of the witness based on the entries and not the entries themselves. See *Moore v. Postal Telegraph-Cable Co.,* 202 S. C. 225, 24 S. E. (2d) 361; *Seaboard Air Line Ry. v. Railroad Commissioners,* 86 S. C. 91, 67 S. E. 1069; *Coosaw Mining Co. v. Carolina Mining Co.,* C. C., 75 F. 860.

Therefore, this question must be resolved against the contention of appellant.

The question of whether or not there was error in refusing appellant's motions for a directed verdict and judgment *non obstante veredicto* requires us to consider the testimony and the reasonable inferences to be drawn therefrom in a light most favorable to respondent, *Fagan v. Timmons,* 215 S. C. 116, 54 S. E. (2d) 536, and if the evidence is susceptible of only one reasonable inference, the question is no longer a question for the jury but one of law for the Court, otherwise the issue, or issues, becomes a question of fact for the consideration of the jury, *Taylor v. Atlantic Coast Line Railroad Co.,* 78 S. C. 552, 59 S. E. 641.

Respondent's evidence tends to establish a chain of title to a 1949 Chevrolet automobile, Motor No. 228359, Serial No. 14 GFK-4235, while appellant's evidence tends to establish title in it to a 1949 Chevrolet

automobile, Motor No. GAM232010, Serial No. 14 GFK-43562. The numbers appearing on the post to the door lock and the secret transmission numbers and other testimony as to identifying marks about the car tended to establish ownership in the car in question by appellant; however, the motor number and the serial number tended to support the contention of respondent. While the evidence supporting the position of appellant is unquestionably strong, we cannot as a matter of law say that the only reasonable inference deducible from such evidence is that it is the owner of the car in question. Ownership where in dispute is ordinarily a question of law and fact, 42 Am. Jur. 219, Sec. 41. In the instant case the motor number and serial number did not correspond with appellant's contention but rather supported the contention of respondent thereby presenting an issue of fact to be determined by the jury under proper instructions which was done in this case.

We, therefore, are of the opinion that all exceptions should be dismissed and the judgment appealed from affirmed and it is so ordered.

BAKER, C. J., and STUKES and OXNER, JJ., concur.