17065

W. C. WRIGHT, Respondent, v. Marion HARRIS, Appellant

(89 S. E. (2d) 97)

*Messrs. Julien D. Wyatt* and *Felix L. Finley, Jr.* of Pickens, *for Appellant,*

*Messrs. Harris & Harris,* of Anderson, and *W. G. Acker,* of Pickens, *for Respondent,*

September 14, 1955.

TAYLOR, Justice.

This appeal arises out of an action brought in the Court of Common Pleas for Pickens County for actual and punitive damages alleged to have arisen out of an exchange and sale of automobiles.

The matter came on to be heard before the Honorable J. B. Pruitt at the October, 1953, Term. Timely motions were made for nonsuit and directed verdict which were refused and the case submitted to the jury, resulting in a verdict for respondent. Motion was duly made for judgment *non obstante veredicto* and refused. Prior to time of trial, appellant served notice of motion requiring the Complaint to be made more definite by separately stating and numbering the causes of action appearing therein and requiring respondent to elect upon which he would proceed. This motion was heard upon the call of the case by the presiding Judge in his Chambers and no transcript was kept thereof; however, the following transpired during the trial:

"Mr. Finley: We have a motion, Your Honor.

"The Court: Mr. Foreman and Gentlemen, step in your room a minute, please.

"Jury Out: 2:55 P. M.

"Mr. Finley: May it please the Court, we would like to make a motion at this time for a nonsuit and would like to make that motion in the light of the ruling of the Court and the statement of Counsel for the Plaintiff concerning his cause of action. I am, I think, correct in stating that he, Mr. Harris' position is that the cause of action is on fraud and deceit?

"The Court: Are you asking me or Mr. Harris that?

"Mr. Finley: Yes, sir. We have no record of that conversation this morning of our position. I would like the record to show it.

"The Court: Ask the attorney to state his position in the record then.

"The Court: Mr. Harris, will you reiterate your statement of this morning as to your cause of action in view of the fact we don't have a record of it.

"(B) Position of Respondent's Counsel as to Cause of Action.

"Mr. Leon Harris, attorney for respondent: I stated this morning that our case is bottomed on the fraud and deceit with reference to the issuance of the policy and the whole matter, * * *"

It is, therefore, clear that respondent elected to proceed to trial upon fraud and deceit and the presiding Judge charged the applicable law relative thereto, but he went further and also charged the law applicable to "breach of contract with fraudulent intent accompanied by a fraudulent act," stating in part that damages which have been shown must "flow proximately from the wrongful act; that is, the fraudulent breach with fraudulent intent and act." Upon conclusion of the charge when the Court inquired of counsel if there was any request they might have, appellant took exception to that portion of the charge which related to a breach of con-

tract accompanied by a fraudulent act; this was the same position that counsel took in his previous motion. The Court declined to make the requested correction in the charge and, we think, therein erred.

In *McCullough v. American Workmen,* 200 S. C. 84, 20 S. E. (2d) 640, 642, wherein damages were alleged to have been suffered by reason of a fraudulent breach of contract, the Judge also submitted to the jury the issues as to fraud and deceit. In reversing the judgment, this Court stated:

"* * * although the Court instructed the jury that the action was one for fraudulent breach of contract, nevertheless His Honor repeatedly charged upon fraud and deceit in inducing the contract. * * *

"* * * the charge as to this question was irrelevant, immaterial, misleading, and prejudicial, and therefore erroneous. We are also of the opinion that his Honor erred in refusing appellant's motion for a new trial, made upon the ground that the question of fraud in inducing the contract had been erroneously submitted to the jury, and that the plaintiff had elected to sue for a fraudulent breach of the contract. We hold that the plaintiff, having elected to sue upon an alleged breach of the contract, was estopped from asserting an action for fraud and deceit in its inception * * *."

The foregoing is in line with other decisions of this Court to the effect that it is reversible error to charge a correct principle of law as governing a case when such principle is inapplicable to the issues on trial. *Thomson v. Sexton,* 15 S. C. 93. Conflicting and irrelevant instructions constitute reversible error. *Citizens Bank of Darlington v. McDonald,* 202 S. C. 244, 24 S. E. (2d) 369; and a trial Judge ought to take care not to confuse the jury by charging them on legal principles which are inapplicable to the case on trial, *Jennings v. Clearwater Manufacturing Company,* 171 S. C. 498, 172 S. E. 870.

This appeal also presents the question of whether or not error was committed in refusing to grant appellant's motions

for a nonsuit and directed verdict. In view of the fact that a new trial must be had by reason of error in the charge, we will not discuss the evidence other than to say that in our opinion it was sufficient to require submitting the case to the jury.

We are, therefore, of the opinion that it was error to charge the jury the law pertaining to "breach of contract accompanied by a fraudulent act" when respondent had elected to proceed upon "fraud and deceit"; that the judgment should be reversed and the case remanded to the Court of Common Pleas for Pickens County for a new trial; and It Is So Ordered.

Reversed and remanded.

BAKER, C. J., and STUKES, OXNER and LEGGE, JJ., concur.