### 17266

JOE F. SCOTT, Respondent, v. SOUTHERN RAILWAY COMPANY, Southern Railway-Carolina Division, Corporation, Appellants

(97 S. E. (2d) 73)

*Messrs. Frank G. Tompkins, Jr.,* of Columbia, *J. D. Parler,* of St. George, and *Barnwell & Whaley,* of Charleston, *for Appellants,*

*A. R. McGowan, Esq.,* of Charleston, *for Respondent,*

March 5, 1957.

TAYLOR, Justice.

This appeal arises out of an action brought in the Court of Common Pleas for Dorchester County to recover damages occasioned by appellants' train running into and striking respondent's car while stalled upon appellants' tracks in the Town of St. George, South Carolina.

Timely motions were made for nonsuit, directed verdict and judgment *non obstante veredicto* or a new trial, all of which were denied.

A review of the record reveals that there is testimony to the effect that at approximately 7:30 P. M., on December 23, 1953, respondent's wife, who was driving his 1953 Chevrolet, attempted to cross over appellants' tracks in front of the Court House in the Town of St. George and found that the right rear wheel had dropped into a hole in such place and manner that the rear wheel was against one track and the front wheel just over the ties so that even with the

aid of three eleven year old boys, who were her passengers, pushing, she was unable to move off the tracks either forward or backwards. The car had been in this position, despite the driver's efforts to extricate it, for approximately ten minutes when she saw the headlight of appellants' train approaching from approximately two miles distance. The boys attempted to get help from others while the driver took her flashlight, it being dark, and ran along the track toward the train until the engine passed her, a distance of 175 steps from the crossing, waiving the flashlight up and down in an effort to attract the engineer's attention in time to stop the train. The afternoon and evening had been foggy, but at the time it was clear and both the engine light and flashlight were visible. The engineer stated immediately after the accident that he saw the lady's flashlight signal in time to stop and avoid the accident but that the light was being waved up and down instead of from side to side and he thought it was some child playing with the flashlight and did not apply his brakes until he saw the car and that it was then too late to avoid the collision. There is also testimony that the train was traveling 35-40 miles per hour in a 25 miles per hour zone.

In reviewing appellants' motion for a directed verdict, the trial Judge stated:

" * * * as I recall, that the engineer said that he saw the frantic efforts of the plaintiff's wife trying to flag the train and that he had time to stop if he had heeded them but he thought it was a prank. I think that is a matter for the jury to determine, whether or not he was reckless in taking that attitude. Of course, I understand that there is evidence on behalf of the defendants that contradicts that testimony. They said it was foggy, they couldn't see. The plaintiff said at that particular time they had a clear view of the lights of the engine. * * * Likewise, the engineer denied having made the statement which was attributed to him. But those are matters for the jury. * * * "

There is evidence contrary to that heretofore related, but we find no error in this ruling as the evidence and all reasonable inferences arising therefrom must be considered as a whole and in the light most favorable to the plaintiff for the purpose of disposing of such motions, and if more than one reasonable inference can be drawn therefrom, the case must be submitted to the jury. *Scott v. Meek*, S. C., 95 S. E. (2d) 619, and cases cited therein.

Appellants also contend that the Court erred in charging the jury the law applicable to the last clear chance doctrine. Section 5(a) of respondent's complaint alleges:

"(a)  In failing and omitting, when approaching a muchly traveled crossing in the Town of St.. George, to have their said train under such control that same could have been stopped in time to avoid colliding with Plaintiff's disabled automobile, after it saw or by the exercise of ordinary care could have seen said disabled automobile on the track ahead and the emergency flashlight signal."

The foregoing allegation when considered in conjunction with the testimony heretofore related was sufficient to require such charge. *Young v. Charleston & Western Carolina Railway Company*, S. C., 93 S. E. (2d) 866, and cases cited therein.

Appellants next contend that the verdict was excessive. Respondent testified that he was out of the use of his car while it was being repaired from December 23, 1953, to February 20, 1954, a total of fifty-eight days; that during this period he had the limited use of a used car, said car being loaned to him by a third party without charge under the condition that it was not to be driven out of town. There was testimony that the rental value of a car in the Town of St. George at that time was $5 per day. Dr. Scott also testified that he would not have accepted $2,000 for the automobile at the time of the accident, and a garage man testified that the value of the car after the accident was $650, which deducted from $2,000 = $1350; and $5 per

day for 58 days = $290, which added to $1350 totals $1640, the amount of the verdict, which was for actual damages only.

In the instant case there is no showing that under the circumstances the time required to repair the car was unreasonable. *Coleman v. Levkoff,* 128 S. C. 487, 122 S. E. 875; *Newman v. Brown,* 228 S. C. 472, 90 S. E. (2d) 649; and there is no merit in the contention that the rental value of the car used was not a proper element of damages because it was furnished gratis by a party other than appellants.

Appellants next contend that the Court erred in permitting evidence as to the crossing being defective when there was no charge in the complaint that they had negligently failed to keep the crossing in proper repair.

Appellants, by way of defense, set up in their answer:

" * * * that the damages to the automobile were caused by the negligence, carelessness, willfullness, recklessness, and wantonness of the plaintiff and/or his agent concurring and combining with the alleged negligence, carelessness, willfullness, recklessness and wantonness of the defendant its agents and servants, if any, in that plaintiff's wife and agent stalled the said car in the dark of the night on defendants' railroad tracks and this act of negligence was the proximate cause of the damages complained of."

Respondents had the right to offer evidence to rebut the disputed allegations in the answer as to contributory negligence. The defendant may introduce evidence of any facts which tend to establish his defense, and plaintiff may avail himself of any facts which tend to disprove such negligence as he is charged with even though not alleged in his declaration or complaint. *Harvey v. Southern Railway-Carolina Division,* 124 S. C. 375, 117 S. E. 411; *Barnett v. Charleston & Western Carolina Railway Company,* S. C., 96 S. E. (2d) 555.

We are of the opinion that all exceptions should be dismissed and it is so ordered. Judgment affirmed.

STUKES, C. J., and OXNER and MOSS, JJ., and E. H. HENDERSON, Acting Associate Justice, concur.