### 17302

MARY ELIZABETH CRITZER, a Minor, by Her Guardian ad litem, MATTIE CRITZER, Respondent, v. THOMAS W. KERLIN, JR., and One 1948 Chevrolet Sedan, Bearing S. C. License No. D-172-735, Appellants.

(98 S. E. (2d) 761)

*Messrs. Nelson, Mullins & Grier,* of Columbia, *for Appellants,*

*Messrs. Funderburk & Neeley,* of Columbia, *for Respondent,*

June 5, 1957.

Moss, Justice.

This action was instituted by Mary Elizabeth Critzer, a minor, approximately three years of age, by and through her guardian *ad litem,* against Thomas W. Kerlin, Jr., the owner and driver of the automobile involved, to recover damages, actual and punitive, for injuries sustained as a result of a collision between the automobile operated by appellant and the minor respondent. The collision occurred on the afternoon of March 25, 1956 on Superior Street, in the City of Columbia, South Carolina. The trial resulted in a verdict for the respondent for actual damages.

At appropriate stages of the trial, the appellant moved for a nonsuit, directed verdict and judgment *non obstante veredicto*. These motions were refused by the trial Judge. The motions were upon the ground that the only reasonable inference to be drawn from the testimony was that the appellant was not guilty of any actionable negligence. This appeal raises the single question of whether the evidence adduced upon the trial of the case was sufficient to require the issue as to the negligence of the appellant to be submitted to the jury.

The complaint alleges that the respondent's injuries were directly and proximately caused by the negligence, carelessness, willfulness and wantonness of the appellant in the operation of his automobile at the time and place aforementioned, in the following particulars: in operating his automobile at a high and excessive rate of speed; in failing to keep a proper lookout; in driving his automobile at a dangerous rate of speed, with a total disregard to the safety of the minor plaintiff and in operating his autmobile in a negligent, willfull, wanton and careless manner, all in disregard to the safety of the minor plaintiff and in violation of the ordinances of the City of Columbia and the Statutes of the State of South Carolina. The answer of the appellant set up a general denial. He also alleged that the minor respondent suddenly, and without any warning, ran out into the street from between two parked automobiles, and ran directly into the appellant's automobile in such a way that he could not possibly have avoid the collision.

In the case of *Cannon v. Motors Ins. Corp.*, 224 S. C. 368, 79 S. E. (2d) 369, 371, this rule was announced:

"The question of whether or not there was error in refusing appellant's motions for a directed verdict and judgment *non obstante veredicto* requires us to consider the testimony and the reasonable inferences to be drawn therefrom in a light most favorable to respondent, *Fagan v. Timmons*, 215 S. C. 116, 54 S. E. (2d) 536, and if the evidence is susceptible of only one reasonable inference, the question

is no longer a question for the jury but one of law for the Court, otherwise the issue, or issues, becomes a question of fact for the consideration of the jury, *Taylor v. Atlantic Coast Line Railroad Co.,* 78 S. C. 552, 59 S. E. 641."

It is elementary that in order for the plaintiff to recover damages, she must prove not only her injury, but also that it was caused by the actionable negligence of the defendant. *Perry v. Carolina Theatre,* 180 S. C. 130, 185 S. E. 184. Likewise, it is the rule that the proof of one specification of negligence will entitle the plaintiff to a verdict. *Carroll v. Lumpkin,* 146 S. C. 178, 143 S. E. 648.

The respondent produced only two witnesses in her behalf. One of these witnesses was the mother of the respondent and she was not a witness to the collision. The other witness, a Mr. Oliver, testified that he had been a resident of Hendley Homes, a housing development where about one thousand families reside, for a period of four years, and operated a Barber Shop on Superior Street, adjacent to the scene of the accident. He also testified that just prior to the accident he had crossed the street, coming from between two cars, and that he saw a car coming down Superior Street about 150 feet, or a half block away. He estimated the speed of the automobile at between 25 and 30 miles an hour. This witness also testified that when he had crossed the street he paid no further attention to the automobile and did not know of any collision with respondent until some third party "hollered" that a child had been hit, nor could he see the child as it was on the other side of appellant's car from him. He did notice, however, that appellant's automobile was parked practically in front of the space, between the two cars, through which he had walked. It should be clearly pointed out here that this witness did not attempt to testify as to the speed of appellant's car at the time of the collision, but only estimated the speed of the car when the appellant was

some distance from the point of collision. On cross examination, he stated:

"Q. Didn't you tell us awhile back that when you saw it about 150 feet away it was travelling at a slow rate of speed. That's right, isn't it? A. Yes, sir.

"Q. A slow rate of speed? A. Yes, sir.

"Q. I don't suppose you could, any more than I could, look at an automobile and tell how many miles an hour it's going. A. No, sir.

"Q. That's almost impossible. A. That's right.

"Q. Do you drive a car? A. I know whether it's going fast or slow but I don't know in miles per hour.

"Q. You say this car was going slow? A. Yes, sir."

And again he stated:

"Q. All that you are willing to say, in your opinion it was going slow? A. That's right.

"Q. You couldn't say exactly what speed it was? A. No.

"Q. You didn't have that in mind at the time? A. No, sir. It was just safe for me to cross the street.

"Q. When you were asked the question and you say 25 or 30, you actually didn't form that opinion at the time, you were just trying to give him an answer to his question. A. I'm just guessing."

It is apparent from the foregoing testimony that the statement of the witness, as to the speed of the automobile, was speculative and that he was guessing. This testimony does not support the allegation of the complaint that the automobile was being operated at a high and excessive rate of speed. There is no testimony in the record that the appellant failed to keep a proper lookout or that he was driving his automobile at a dangerous rate of speed.

We come now to the testimony given in behalf of the appellant. The appellant testified that he was going South on Superior Street and traveling at about 15 miles per hour with his foot resting on the brake. He testified that there were cars parked on both sides of the street and that he had noticed how the cars were parked and that there were

people on both sides of the street. He positively states that as he was driving down Superior Street it was approximately two paces between his car and the cars on the left. He also testified that as the child darted out from between two parked cars that he hit the brake and stopped instantaneously. He further testified that the respondent ran into his car from the left side and her head struck the left front fender. Specifically, he testified as follows:

"Q. Mr. Kerlin, did she come out from between those cars? A. Yes, sir. She came from between two parked cars."

It also appears from this witness' testimony that he stopped his automobile in less than the hood length of the car. This witness also testified that he doesn't actually remember seeing the child come out but he doesn't know how he could have possibly stopped as quickly as he did if he hadn't seen her.

The only other witness for the appellant was his wife, who was a passenger in the car with him. She testified that her husband was driving his automobile about the middle of the street; that she did not see the child run into the street but that he did make a sudden stop at the time of the collision and traveled only the distance of "about two or three feet".

In our opinion, there is no evidence in the record from which it could be concluded that the appellant was driving at an excessive rate of speed. As the child darted from between two automobiles the appellant had no opportunity to see this child in time to have prevented the accident. The only conclusion that we can reach from the evidence is that appellant had his car under control, as was demonstrated by the fact that he stopped it within either a hood length or two or three feet as the child struck his left fender. This fact is confirmed by respondent's own witness when he testified that the car was parked in front of the space where he had crossed the street. In our opinion, the respondent has failed to prove that appellant was guilty of negligence in any of the particulars alleged in the com-

plaint. It was essential that she offer proof of at least one specification of negligence alleged in her complaint.

It is our opinion that there was not sufficient evidence of negligence of the appellant requiring that issue to be submitted to the jury. The evidence in this case is susceptible of only one reasonable inference, that being that appellant was not guilty of any act of negligence. This being true, the lower Court should have so declared as a matter of law.

Judgment of the lower Court is reversed and the case remanded for the purpose of entering judgment for the appellant.

STUKES, C. J., and TAYLOR, OXNER and LEGGE, JJ., concur.