17683

Woodrow GREEN, Respondent, v. John BOLEN, Appellant

(115 S. E. (2d) 667)

*Messrs. Thomas R. Wolfe, Julian S. Wolfe* and *Fred R. Fanning, Jr.,* all of Orangeburg, *for Appellant,*

*Marshall B. Williams, Esq.,* of Orangeburg, *for Respondent,*

July 14, 1960.

Moss, Justice.

This action was brought by Woodrow Green, the respondent herein, against John Bolen, the appellant herein, to recover damages for personal injuries sustained on November 18, 1958, by the backing of a truck owned by the appellant and operated at the time by his agent. The complaint alleges that the respondent was an employee of one Fogle, who was

engaged in a timber-logging operation in Pocataligo Swamp in Clarendon County, South Carolina, and the appellant, a road builder, was constructing an extension of a log road into the swamp under a contract with Fogle. It appears that the appellant had previously constructed a log road approximately 680 feet in length, and that Fogle had set up his logging operation at a point on the road approximately 600 feet in the swamp, which area the appellant had prepared and filled to a greater width than the other portions of the road in order that such area could be used for log loading. It is alleged in the complaint that it was necessary for the logging road to be extended further into the swamp area, and that the appellant began hauling dirt from the hill into the swamp for this purpose. In hauling the dirt along the logging road, the trucks of the appellant passed through the log loading area where a rig tree was located on the opposite side of the road from the log skidder, and a cable ran from the rig tree across the road to the skidder. When the logs were being pulled out of the swamp, the cable would be tight and approximately twenty feet above the road. When logs were not being pulled out of the swamp, the cable would be slack and would lie in the road.

The duties of the respondent required him to be in the loading area and log bed where he was sawyer and flagman, transmitting signals from the log crew in the woods to the skidder operator. The respondent was struck by a truck of the appellant as he was giving signals to the skidder operator from the loading area. The respondent was standing with his back in the direction from which the truck of the appellant was being backed along the road.

The complaint alleges that while the respondent was performing his duties as aforesaid, that an employee of the appellant, while backing a dump truck along the road being extended, left the usual path of travel and backed into the loading area, knocking the respondent down and running over him with the right rear dual wheels of said truck. The complaint alleges that as a result of the operation of said

dump truck in a negligent, careless, reckless, willful and wanton manner, the respondent's left thigh and left leg bone from the knee to the ankle were crushed. He had multiple rib fractures on the left side, internal injuries, and a crushed left kidney, with numerous abrasions and bruises about his chest, abdomen and face. The complaint alleges that the injuries sustained by the respondent were permanent and disabling.

The answer of the appellant contained a general denial and also alleged as a defense that the injury to the respondent was caused and occasioned by his sole and contributory negligence, carelessness, recklessness and wantonness.

This case was tried before the Court of Common Pleas for Orangeburg County and resulted in a verdict for the respondent for actual damages. At appropriate stages of the trial, the appellant moved for a nonsuit and a directed verdict on the grounds, (1) That the testimony was insufficient to require the submission of the issue of negligence on the part of the driver of the truck to the jury; (2) That the injury to the respondent was due to and caused by his own negligence; and (3) That the only reasonable inference that can be drawn from the testimony is that the respondent was guilty of contributory negligence. These motions were refused. This case was submitted to a jury and a verdict was returned in favor of the respondent for actual damages. After the verdict was returned, the appellant moved for judgment *non obstante veredicto,* or failing in that, for a new trial upon numerous grounds. The motion was refused and this appeal followed.

The first question for determination is whether the trial Judge erred in refusing the motions of appellant for a nonsuit, directed verdict and and judgment *non obstante veredicto,* and, alternatively for a new trial, upon the grounds heretofore stated.

The question of whether or not there was error in refusing the motions of the appellant for a nonsuit, directed verdict, judgment *non obstante veredicto,*

and alternatively for a new trial, requires us to consider the testimony and the reasonable inferences to be drawn therefrom in a light most favorable to the respondent. *Padgett v. Colonial Wholesale Distributing Co.,* 232 S. C. 593, 103 S. E. (2d) 265; *Critzer v. Kerlin,* 231 S. C. 315, 98 S. E. (2d) 761. If more than one reasonable inference can be drawn from the evidence, the case must be submitted to the jury. *Scott v. Southern Ry. Co.,* 231 S. C. 28, 97 S. E. (2d) 73. Howver, if the evidence is susceptible of only one reasonable inference, the question is no longer one for the jury but one of law for the Court. *Cannon v. Motors Ins. Corp., et al.,* 224 S. C. 368, 79 S. E. (2d) 369. Ordinarily, contributory negligence is an issue for the jury; *Young, et al. v. Parker,* 224 S. C. 35, 77 S. E. (2d) 288; and it rarely becomes a question of law for the Court. *Mock v. Atlantic Coast Line R. Co., et al.,* 227 S. C. 245, 87 S. E. (2d) 830.

In *Peagler v. A. C. L. Railroad Co., et al.,* 234 S. C. 140, 107 S. E. (2d) 15, 17, we said:

"It is a well established rule of law that in passing upon the appellants' motions below, it is incumbent upon this Court to review the testimony, construing it in the light most favorable to the respondent. *Barnett v. Charleston & Western Carolina Ry. Co.,* 230 S. C. 525, 96 S. E. (2d) 555, and *Brown v. Powell,* 198 S. C. 403, 18 S. E. (2d) 212. It has also been held that if the only reasonable inference to be drawn from all the testimony is that the negligence of the complainant is a direct and proximate cause of his injury and damage, or that the negligence of the complainant contributed as a direct and proximate cause, then it would be the duty of the trial Judge to order a nonsuit or direct a verdict against such plaintiff. *Sewell v. Hyder,* 229 S. C. 480, 93 S. E. (2d) 637.

"In the case of *Field v. Gregory,* 230 S. C. 39, 94 S. E. (2d) 15, we quoted with approval from the case of *Harrison v. Atlantic Coast Line R. Co.,* 196 S. C. 259, 13 S. E. (2d) 137, 141, the following:

" 'It is firmly established in this jurisdiction that if the inferences properly deducible from the evidence are doubtful, or if they tend to show both parties guilty of negligence or wilfulness, and there may be a fair difference of opinion as to whose act produced the injury complained of as a direct and proximate cause, then the question must be submitted to the jury. *Ford v. Atlantic Coast Line Railroad Co.*, 169 S. C. 41, 168 S. E. 143.' "

The evidence shows that the respondent was employed by one Fogle as a sawyer and a flagman. At the time he was struck and run over by the truck of the appellant, he was flagging the skidder by relaying to such skidder signals given to him by men in the swamp from which logs were being pulled. The respondent was standing in a loading area or log yard where the roadway was twenty-two feet wide. There is testimony that he was some two feet outside of the usual traveled portion of an eleven foot road over which the truck of the appellant was traveling. There is testimony that the driver of appellant's truck saw the respondent standing on the left side of the road as he was driving the truck loaded with dirt. At this time the truck driver was driving his truck forward and he reached what is described as the turn around point and began to back the truck through the loading area, where the respondent was engaged in his duties as a flagman, with his back in the direction from which the truck was backing. There is testimony that the truck driver was supposed to get a signal from the skidder operator before backing the truck through the loading area, but on the occasion when the respondent was injured, no signal was given by the skidder operator before the truck driver began to back through the loading area, and the skidder operator never saw the truck until after it struck the respondent. The truck driver testified that he had a signal to proceed in his backward movement. There is also testimony that the truck, in backing through the loading area, left the path of travel usually used in the backward movement, and backed into

the area where the respondent was working, and it was there that the truck ran over him. It was also testified that if the truck had stayed in the usual road traveled by it, the respondent would not have been struck. It was also testified that the driver of the truck backed the same down the road and into the loading area while observing only the left side of the road as he performed such backing operation. The respondent, at the time of such backing movement, was on the opposite side of the road from the side of the road being observed by the truck driver, and the presence of the respondent in the loading area, and on the opposite side of the road from that being observed by the truck driver, was known to said truck driver.

There is evidence from which the jury could have concluded, as it probably did, that the driver of the truck of appellant, while backing such truck into the area where the logging crew was pulling logs from the swamp, and while the respondent was signaling the skidder operator, seeing the cable attached to the log taut some twenty feet above the road, proceeded the backing movement through the area before the log arrived at the loading area and the cable became slack. There was evidence from which the jury could have also concluded that the truck of the appellant left the usual path of travel by said trucks and struck the respondent who had no warning or notice that such truck was approaching from his rear. The evidence is subject to the construction that the respondent was so absorbed in the performance of his duties, with his attention focused upon the area he was required to keep under observation, and was at such time oblivious to the fact that the truck of the appellant was proceeding backwards toward him; and no signal was given to the truck driver which permitted the backward movement of the truck to commence. Likewise, it is reasonably inferable from the testimony that the respondent was standing outside of the path of travel normally used by the truck in making its backward movement, and that such truck veered from such normal path and ran over the respondent without any signal of approach being given.

In the case of *Butler v. Temples,* 227 S. C. 496, 88 S. E. (2d) 586, 588, this Court said:

"Moreover, it is well-established upon reason and authority that the backing of a motor vehicle is attendant with unusual danger to one who may be in its path and requires commensurate care on the part of the operator of the vehicle. 5 Am. Jur., Automobiles, Secs. 328 *et seq.* Annotations, 67 A. L. R. 647 and 118 A. L. R. 242. Blashfield, Secs. 1101, 1102. *Carroll v. Lumpkin,* 146 S. C. 178, 143 S. E. 648. *Benedict v. Marks Shows,* 178 S. C. 169, 182 S. E. 299. * * *" See also *Chesser v. Taylor, et al.,* 232 S. C. 46, 100 S. E. (2d) 540.

The case of *Daughtry v. Cline,* 224 N. C. 381, 30 S. E. (2d) 322, 154 A. L. R. 789, was an action brought to recover damages for personal injuries alleged to have been sustained by the negligence of the defendant in backing a truck over the plaintiff, while engaged in the construction of a taxiway, wherein actionable negligence was denied and a plea of contributory negligence interposed. It appears that the plaintiff, while engaged as a civil engineer by the government, and while he was "squatting down" to determine a level on a taxiway, that a sprinkler truck of the defendant, who had the contract for the construction of a taxiway, backed the said truck over the plaintiff from his rear. The North Carolina Supreme Court, in holding that there was no error in failing to grant a nonsuit on the ground of contributory negligence of the plaintiff, said:

"There are a number of cases which hold that where a plaintiff is so absorbed in the performance of his duties as to render him oblivious of danger, and this obliviousness to danger is apparent, or should, in the exercise of due care, have been apparent to the defendant, the defendant is thereby charged with the duty of using due care to avoid injuring the plaintiff, and the plaintiff is not guilty of such contributory negligence as would bar him from recovery against the defendant for not exercising due care to protect himself from the danger which was obvious or should, in the exer-

cise of due care, have been obvious to the defendant. *Moore v. Atlantic Coast Line R. Co., supra; Davis v. Southern R. Co.,* 175 N. C. 648, 96 S. E. 41; *Lassiter v. Raleigh & G. R. Co.,* 133 N. C. 244, 45 S. E. 570; *Brown v. Southern R. Co.,* 144 N. C. 634, 57 S. E. 397."

This Court has held that if the inferences properly deducible from the evidence are doubtful or if they tend to show both parties guilty of negligence, and there is a fair difference of opinion as to whose act produced the injury complained of as a direct and proximate cause, then the question must be submitted to the jury. *Field v. Gregory,* 230 S. C. 39, 94 S. E. (2d) 15, and the cases therein cited. We have also held that it is not possible to lay down any definite rule by which to determine whether the question of contributory negligence is to be found under the evidence as a conclusion of law, or should be submitted to the jury as a question of fact. The determination of the question is necessarily controlled by the facts and the circumstances of the particular case. The Court will not decide it as one of law if there is conflict in the testimony or if the conclusions to be drawn therefrom are doubtful and uncertain. Under these circumstances the question is clearly one for the jury. *Robinson v. Atlantic Coast Line R. Co.,* 179 S. C. 493, 184 S. E. 96.

We conclude, under the factual showing made in this case, that the trial Judge was correct in refusing the motions of the appellant for a nonsuit, directed verdict, and for judgment *non obstante veredicto,* on the ground that the testimony was insufficient to require the submission of the issue of negligence on the part of the appellant to the jury. He was also correct in refusing these motions on the ground that the testimony conclusively showed that the injury to the respondent was due to and caused by his own negligence or his contributory negligence. All of these questions were properly submitted to the jury.

The other question for determination is whether the trial Judge committed error in refusing, at the request of the appellant, to instruct the jury "that the usual

statutes governing traffic upon highways and streets are not applicable here for the reason that this accident occurred upon what is known as a private road."

It appears that after the trial Judge had delivered his charge to the jury, that he temporarily excused the jury, pursuant to Section 10-1210 of the 1952 Code, and gave opportunity to counsel for the parties to this action to express objections to the charge as made or to request additional charges. It was then that the appellant requested the Court to make the charge above quoted.

We have held that instructions to the jury should be confined to the issues made by the pleadings, and an instruction based on an issue not raised by the pleadings is erroneous. *Citizens Bank of Darlington v. McDonald, et al.,* 202 S. C. 244, 24 S. E. (2d) 369. We have also held that the failure to instruct on issues not before the jury is not error. *Richey v. Southern Ry. Co.,* 69 S. C. 387, 48 S. E. 285. We have also held that sound legal principles, whether embraced in decisions of the Court or statutes, should be charged by a trial Judge only when applicable to the case on trial. *Durant v. Stuckey,* 221 S. C. 342, 70 S. E. (2d) 473.

We have carefully reviewed the pleadings and the testimony in this case and find neither allegation nor evidence to which the foregoing instruction could be applicable. The complaint and the testimony reveals no mention of any violation of the uniform traffic code. This case was brought and tried entirely upon the theory of common law negligence. Since there was no issue in this case concerning the violation of any statutory traffic regulation, there was no error committed by the trial Judge in refusing the requested charge.

In 53 Am. Jur., Trial, Section 574, at page 452, it is said:

"It is a well-settled general principle that the instructions given by the trial court should be confined to the issues raised by the pleadings in the case at bar and the facts developed by the evidence in support of those issues or admitted at the bar. In other words the particular matters to be covered

in the instructions depend upon the issues joined by the pleadings and supported by the evidence. Both the plaintiff and the defendant are entitled to have issues of fact presented by the pleadings submitted to the jury without the introduction of extraneous matter which may mislead them or divert their minds from a consideration of the evidence pertinent to the real issues. No instruction should be given by the court either on its own motion or at the request of counsel which tenders an issue that is not presented by the pleadings or supported by the evidence, or which deviates therefrom in any material respect. * * *"

In the case of *Wright v. Harris,* 228 S. C. 144, 89 S. E. (2d) 97, 98, this Court said:

"The foregoing is in line with other decisions of this Court to the effect that it is reversible error to charge a correct principle of law as governing a case when such principle is inapplicable to the issues on trial. *Thomson v. Sexton,* 15 S. C. 93. Conflicting and irrelevant instructions constitute reversible error. *Citizens Bank of Darlington v. McDonald,* 202 S. C. 244, 24 S. E. (2d) 369; and a trial Judge ought to take care not to confuse the jury by charging them on legal principles which are inapplicable to the case on trial. *Jennings v. Clearwater Manufacturing Company,* 171 S. C. 498, 172 S. E. 870."

The issues upon which the trial Judge is required to instruct are only those which are raised by the pleadings and the evidence. There was no duty on the trial Judge to instruct the jury as requested by the appellant because such charge was not applicable to any issue in this case.

We conclude that the exceptions of the appellant should be overruled and the judgment below affirmed.

Affirmed.

STUKES, C. J., and TAYLOR and LEGGE, JJ., concur.

OXNER, J., concurs in result.

OXNER, Justice (concurring in result).

I am in full accord with the views expressed on the first question but would assign a different reason for the conclusion reached on the last question.

Just before the charge there was a discussion, in the absence of the jury, between the trial Judge and counsel as to the applicability of certain statutory traffic regulations embodied in respondent's request to charge. The trial Judge ruled that these regulations were not applicable since the accident occurred on a private road or driveway but there was no request by appellant's counsel that he give an instruction to that effect.

At the conclusion of the charge, appellant's counsel asked that the jury be instructed "that the usual statutes governing traffic upon highways and streets are not applicable here for the reason that this accident occurred upon what is known as a private road." The trial Judge indicated that he would have given an instruction to this effect if it had been timely requested but did not think it should be emphasized by giving it after he had concluded his charge.

An instruction along the line requested would not have been improper. It is true that the violation of the statutes regulating the operation of motor vehicles on the highway was not made an issue in the case yet it is common knowledge that many of the jurors are familiar with these regulations and the question of their applicability might easily arise during their deliberations. There are many occasions when it is helpful to a jury to give an instruction that certain principles of law are not applicable. To illustrate, where self-defense is invoked to excuse a homicide occurring on defendant's premises, it is not uncommon in charging the various elements of that defense for the court to tell the jury that the defendant is not required to retreat although no contention thereabout was made during the trial. So here it would not have been error to charge the jury that the statutes regulating the operation of motor vehicles on the highway were not applicable. But I do not think it was reversible error to refuse a request to this effect when first

made at the conclusion of the charge, particularly when there had been a full discussion of the subject between court and counsel before the charge was commenced.

STUKES, C. J., concurs.