16754

COLLOPY v. CITIZENS BANK OF DARLINGTON
(77 S. E. (2d) 215)

*Messrs. Paulling & James,* of Darlington, *for Defendant-Appellant,*

*Messrs. James P. Mozingo, III, F. Turner Clayton,* and *Benny R. Greer,* all of Darlington, *for Plaintiff-respondent,*

*Messrs. Paulling & James,* of Darlington, *for Defendant-Appellant,*

June 16, 1953.

PER CURIAM.

The complaint of plaintiff alleges that he is a resident of Ohio and is doing business in Darlington County, this State, as Publicity Service Bureau and as Darlington International Raceways Program. Prior to July 24, 1950, one Allen K. Hall deposited in the defendant bank checks payable to International Raceways Program, which were the property of the plaintiff and they were endorsed by stamp, "For Deposit only, Darlington International Raceways Program." The checks aggregated about $1,200.00. Hall drew checks from time to time against the account, which the de-

fendant honored. On July 24, 1950, plaintiff learned that his agent, Hall, was exceeding his authority and misusing the funds whereupon the plaintiff informed the defendant that the funds deposited were his property and requested that it hold the remainder of the deposit for one hour in order that plaintiff should have time to prove the legality of his claim to the funds; but defendant, quoting from the complaint, "negligently, wilfully, wantonly and wrongfully refused to allow the plaintiff any time whatsoever * * *." Plaintiff presented to the defendant a check for $100.00 on the account, drawn by Hall, payable to cash, which defendant refused to honor although the balance of the account far exceeded the amount of the check. Defendant then demanded that Hall procure the bank book and close the account, whereupon the defendant did, quoting again from the complaint, "negligently, wilfully, wantonly and wrongfully pay over" the balance in the account of $550.23 to Hall, who immediately absconded with the money, whereby the whole amount of the account was a total loss to plaintiff and, quoting the complaint again, "the foreseeable result was this loss and the proximate cause of said loss to the plaintiff is the negligent, wilful, wanton and wrongful acts of the defendant in the face of plaintiff's claim in paying over the money aforementioned to Allan K. Hall by reason of said negligent, wilful, wanton and wrongful payment the money has been lost forever to the plaintiff." The complaint concludes with allegation of actual and punitive damages to the plaintiff in the sum of $8,500.00, judgment for which is sought in the prayer.

Defendant moved to strike from the complaint the allegations, "negligently, wilfully, wantonly and wrongfully;" that Hall had absconded; and all reference to punitive damages; upon the ground that the allegations are immaterial, incompetent and redundant in that they state no facts which properly constitute a ground of recovery in the cause of action which is stated in the complaint; and the latter

contains no allegations of substantiating facts or such as entitle plaintiff to punitive damages.

The motion was overruled upon the stated theory that the facts alleged in the complaint tend to establish an action for malicious interference with the contractual rights of the plaintiff and his agent, Hall, which is an action in tort, for which there was cited *Chitwood v. McMillan,* 189 S. C. 262, 1 S. E. (2d) 162.

Meanwhile answer was interposed in which the existence of the deposit account was admitted, as was nonpayment to plaintiff of the check for $100.00 which was drawn by Hall, payable to cash. It was further alleged that Hall deposited with the defendant certain funds in the name of Raceway Program, Allan K. Hall, Agent, upon which cheeks were duly drawn by the depositor and honored by the defendant, and the account was thus closed on July 31, 1950. The other allegations of the complaint and all indebtedness to the plaintiff were denied.

After the foregoing pleadings and proceedings, defendant moved for an order construing the complaint to set forth a cause of action *ex contractu* or, failing therein, to require the plaintiff to elect whether he will proceed *ex contractu* or *ex delicto*. The motion was refused upon the ground that the former order of the court (refusing to strike allegations from the complaint) determined the nature of the cause of action and that defendant's remedy was by way of appeal.

The appeal to this court is in form from both of the orders but the determination of the correctness of the first will decide the issue, which is whether the complaint alleges a cause of action in tort for which a verdict for plaintiff may include punitive damages. This is the position frankly taken in respondent's brief which concludes with the observation that if the action should be construed to be one in contract, the portions of the complaint which were the object of appellant's motion to strike, should be stricken. Upon consideration, we are constrained to hold

that the complaint states a cause of action for violation of the contract implied from the fact of the deposit and the alleged notice to appellant of respondent's ownership of it, and that punitive damages are, therefore, not recoverable on the complaint.

It is noted that respondent does not contend that the action is for fraudulent breach of contract, accompanied by a fraudulent act, as to which reference may be had to the leading case of *Welborn v. Dixon,* 70 S. C. 108, 49 S. E. 232, 3 Ann. Cas. 407, and annotation; Ann. Cas. 1917-E, 412, annotation; *Holland v. Spartanburg Herald-Journal Co.,* 166 S. C. 454, 165 S. E. 203, 84 A. L. R. 1336, and annotation. The last cited annotation contains a division, at page 1351, entitled, "Rule in South Carolina," with review of some of our decisions.

There are precedents in this and other jurisdictions for recovery on an appropriate complaint for a tort which is committed by one of the parties to a contract which is more than, and usually additional to, a breach of the contract. Such a case is *Winthrop v. Allen,* 116 S. C. 388, 108 S. E. 153, cited by respondent. A more recent illustration is *Meddin v. Southern Ry.,* 218 S. C. 155, 62 S. E. (2d) 109, which was also cited. Duties in the latter case devolved upon the carrier and shipper defendants by operation of law, with reference to the icing of cars, in addition to their several contract obligations to plaintiff. Because of alleged violation of these additional legal obligations, demurrer to the complaint in tort for actual and punitive damages was overruled. Even more recently, it was said in *Dixon v. Texas Co.,* 222 S. C. 385, 72 S. E. (2d) 897, 899 as follows: "Under certain circumstances, a ground of liability in tort may coexist with a liability in contract, giving the injured party the right to elect which form of action he will pursue. Ordinarily, where there is no duty except such as the contract creates, the plaintiff's remedy is for breach of contract, but when the breach of duty alleged arises out of a liability independently of the personal obligation undertaken by contract, it is a tort."

The principles enunciated in the *Dixon case,* just cited, are largely applicable to, and controlling of, the case in hand, and reference should be had to it and the authorities there cited.

Reverting to *Winthrop v. Allen, supra,* 116 S. C. 388, 108 S. E. 153, 154, which was heavily relied upon by respondent in argument, distinction of it from the case in hand is found in the following quotation from the opinion: "The allegations of the counterclaim which we have italicized show that the plaintiff, not only committed a breach of the contract, by willfully invading the rights of the defendant, but likewise removed about 20 negro laborers from the fields of the defendant, *for the purpose of financial benefit to himself.*" (Italics original.) This element is absent in the present case because nowhere in the complaint is found any allegation that appellant profited financially or gained any other advantage from the transaction. In fact it lost a deposit account. This rather plainly negatives intention of the pleader to state an action in tort. It was said of the *Winthrop case* in the opinion in *Holland v. Spartanburg Herald-Journal Co., supra,* 166 S. C. 454, 165 S. E. 203, 207, 84 A. L. R. 1336: "It is perfectly clear that punitive damages are always recoverable for a "tortious act committed willfully or wantonly,' but we cannot say that the *Winthrop case* intended to overrule the long line of cases following *Welborn v. Dixon* which dealt solely in contract."

Further examination of the complaint in the instant action shows that the alleged wrongful acts of appellant were violations of its obligations which arose out of the deposit contract, and not otherwise. Mere wilful violation of a contract does not entail upon the defaulting obligor liability for punitive damages. The term fraud is not used in the complaint and, as said above, there is no allegation that the result of the claimed violations by appellant of the rights of respondent, as the owner of the deposit, enriched appellant. Guilty knowledge of the bank as to the intent of the faithless agent, who made the deposit,

to abscond with the balance, is not alleged; nor any fraudulent collusion with him. In summary, there is no express allegation of fraud, or of facts from which fraud may be fairly inferred, and no action in tort is stated.

It is universally held that, as was said in *Welborn v. Dixon, supra,* 70 S. C. 108, 49 S. E. 232, 234, 3 Ann. Cas. 407, "There is no doubt as to the general principle, that in an action for breach of contract the motives of the wrongdoer are not to be considered in estimating the amount of damages, and that he is only liable for such damages as are the natural and proximate result of the wrongful act." Of course, in that case the complaint was held to further allege a fraudulent act accompanying the breach, for which punitive damages were recoverable.

Similar question arose as to the nature of the action, whether in contract or tort, in *Randolph & Co. v. Walker,* 78 S. C. 157, 59 S. E. 856, opinion by Mr. Justice Woods. The opening paragraph of the opinion follows: "The complaint alleges plaintiff's deposit with defendant of the sum of $1,498.03 during the months of January, February, and March, 1905, defendant's agreement to hold the money as plaintiff's agent subject all times to his order, the tortious conversion of $1,076.03 by defendant to his own use, and his refusal to return to plaintiff the money so converted." After enlightening discussion and citations of our and other cases it was concluded as follows: "The point is close, but on the whole we have no hestitation in holding the complaint to state a cause of action *ex contractu.*"

There is an oft-repeated rule, if it were necessary to resort to it in this case, that if there is doubt whether a complaint is in contract or in tort, it will be held to be the former. It was referred to in the decision just cited, *Randolph & Co. v. Walker,* and there are many others to the same effect; possibly the last is *Dixon v. Texas Co., supra.* 222 S. C. 385, 72 S. E. (2d) 897. And words of recrimination in a complaint will not convert a cause

of action in contract to one in tort. *Green v. Industrial Life & Health Ins. Co.*, 199 S. C. 262, 18 S. E. (2d) 873.

It may be added that the cause of action stated in the complaint here is not that described in the opinion in *Chitwood v. McMillan, supra,* 189 S. C. 262, 1 S. E. (2d) 162, which was cited by the lower court. It is of no relevance to the present controversy.

In conformity with the foregoing, the allegations appropriate to tort and punitive damages should have been stricken from the complaint, in accord with appellant's motion, except the first sentence of the fifth paragraph which contains allegations which are pertinent to the cause of action on contract and should not be stricken, as follows: "That immediately upon receiving the money aforementioned from the defendant, the said Allen K. Hall did abscond with the said money, and has not been seen since that time."

Reversed and remanded for entry of order granting the motion to strike, as above modified, and for further proceedings consistent herewith.