17467

Annie Belle BLACKMON, Respondent, v. UNITED INSURANCE COMPANY, Appellant

(105 S. E. (2d) 521)

*Messrs. Paulling & James,* of Darlington, *for Appellant,*

*Walker E. Anderson, Esq.,* of Hartsville, *for Respondent,*

*Messrs. Paulling & James,* of Darlington, *for Appellant,*

October 29, 1958.

LEGGE, Justice.

The beneficiary of a policy of life insurance in the face amount of $200.00, sues the insurer in this action for

$3,000.00 actual and punitive damages. The defendant appeals from an order: (1) construing the complaint as setting forth a cause of action for fraudulent breach of the contract of insurance, and (2) refusing to strike certain of its allegations.

Following are, in substance, the allegations of the complaint, those to which the motion to strike was directed being italicized:

1. Formal allegations as to the defendant's business.

2. That the plaintiff is an aged and ignorant Negress.

3. That the defendant's agent having visited plaintiff's residence and solicited an application for insurance on the life of Chester Blackmon (plaintiff's adult son), the defendant issued a policy on his life in the amount of $200.00, the plaintiff being named as beneficiary; that thereafter the defendant's agents collected the weekly premiums from the plaintiff at her residence; and that the insured died on October 28, 1957, the policy being then in force.

4. "That after the death of Chester Blackmon (the insured), one of the defendant insurance company's resident agents * * * visited the plaintiff's residence and acting at all times for and on behalf of said defendant and in the course and scope of its employment *did then and there scheming and designing and intending to cheat and defraud the plaintiff, knowingly enticed, induced and 'fooled' the plaintiff to surrender the above numbered policy and the receipt book of said policy and death papers to the defendant upon defendant's promise to pay to plaintiff at once the full amount of the insurance in the sum of Two Hundred ($200.00) Dollars; that plaintiff relied upon the statements and promises made by defendant's agent and had a right to rely thereon; that after defendant* got possession of the policy and the receipt book and death papers it refused to pay the Two Hundred ($200.00) Dollars to the plaintiff; that defendant tendered its check to plaintiff in the sum of $149.30, as 'full and final settlement for all amounts due under policy number P562625 due to death of Chester Blackmon', and that plaintiff refused this

partial payment as full payment and made demand for the total sum of Two Hundred Dollars due her as beneficiary under the policy, but that defendant refused the demand"; and that the defendant has refused to return the policy, the receipt book and the death papers, and has persistently refused to pay the sum of $200.00 due the plaintiff although the plaintiff has performed all conditions required under the terms of the policy.

5. "That the acts and conduct of the defendant company and its agents as above set forth were *fraudulent, intentional, willful and unlawful* and to the damage of the plaintiff in the sum of Three Thousand ($3,000.00) Dollars actual and punitive."

Prayer was for judgment in the sum of $3,000.00 "actual *and punitive* damages."

In reviewing Judge Lewis' order so far as it relates to construction of the complaint we must, as he did, base our decision solely upon the allegations of the complaint itself. It is true that the notice of the two motions (to construe and to strike) declared that they would be based upon the complaint, the answer, the policy and the application therefor, the "death papers," and the defendant's check in the amount of $149.30 referred to in the complaint; but, except for the complaint itself, these documents relate to defense and are not appropriate to consideration of the motions in question. They are in no sense a part of the complaint.

The cause of action that the complaint purports to set forth may be briefly stated thus: that upon the death of the insured under defendant's life policy No. P562625 then in force, the plaintiff as beneficiary became entitled to receive the face amount of the policy, $200.00; that the defendant's agent fraudulently represented to her that if she would surrender the policy and the receipt book and the "death papers" the defendant would at once pay her that sum; that in reliance upon such representation she did surrender

said documents; and that thereupon the defendant, in breach of its contract, fraudulently retained them and refused to return them and refused to pay her the sum of $200.00 to which she was entitled, tendering her instead, in full settlement of its liability under the policy, $149.30, which she refused to accept; and that because of such fraudulent conduct she should recover not only the sum of $200.00 due her under the policy, but punitive damages as well.

Breach of contract, however fraudulent the intent impelling or accompanying it, does not of itself give rise to a cause of action for punitive damages. *Smyth v. Fleischmann*, 214 S. C. 263, 52 S. E. (2d) 199; *Hardee v. Penn Mutual Life Ins. Co. of Philadelphia*, 215 S. C. 1, 53 S. E. (2d) 861. But since *Welborn v. Dixon*, 70 S. C. 108, 49 S. E. 232, 3 Ann. Cas. 407, this court has adhered to the rule that breach of contract committed with fraudulent intent and accompanied by a fraudulent act will entail liability for punitive as well as actual damages. And it may be considered as settled law in this state that the retention by a life insurance company of a policy and premium receipt book obtained from the insured or the beneficiary by fraudulent representations of the company's agent is a fraudulent act within the meaning of the rule. *Bradley v. Metropolitan Life Ins. Co.*, 162 S. C. 303, 160 S. E. 721; *Derrick v. North Carolina Mutual Life Ins. Co.*, 167 S. C. 434, 166 S. E. 502; *Henderson v. Capital Life & Health Ins. Co.*, 199 S. C. 100, 18 S. E. (2d) 605. An excellent review of our cases bearing on the rule above mentioned is to be found in South Carolina Law Quarterly, Vol. 10, No. 3 (1958), pp. 444-484.

Reference, in Judge Lewis' order, to the cause of action as one "ex contractu for the fraudulent breach of the contract" is followed by denial of the motion to strike the allegations appropriate to recovery of punitive damages. It is thus manifest that he construed the cause of action as one for fraudulent breach of contract accompanied by fraudulent act. With that construction we agree, for in our opinion the complaint, taken at its face value and in the

light of the cases just mentioned, sufficiently states such a cause of action. The allegations appropriate to recovery of punitive damages were therefore appropriate to the cause of action stated; and the motion to strike them as irrelevant was properly refused. Moreover, refusal of such a motion is not appealable. *Sparks v. D. M. Dew & Sons, Inc.,* 230 S. C. 507, 96 S. E. (2d) 488; *Winchester v. United Insurance Co.,* 231 S. C. 288, 98 S. E. (2d) 530.

Affirmed.

STUKES, C. J., and TAYLOR, OXNER and MOSS, JJ., concur.