20371

Patricia A. DUNSIL, Respondent, v. E. M. JONES CHEVROLET CO., INC., Appellant.

(233 S. E. (2d) 101)

*Messrs. Walker, Jones, Smith, Bailey & Bailey,* of Summerville, *for Appellant,*

*Messrs. Hammer and Bernstein,* of Columbia, and *Berry and Dukes,* and *P. Kramer,* of Summerville, *for Respondent,*

March 2, 1977.

GREGORY, Justice:

In this action for fraud and deceit Jones Chevrolet appeals from a jury verdict awarding Dunsil $800.00 actual, and $5,800.00 punitive, damages. Jones assigns error to the trial judge's (1) refusal to grant a nonsuit or direct a verdict for Jones, (2) submission of the issue of punitive damages to the jury, and (3) charge to the jury. We find no error as to the first two points but reverse on the third.

Dunsil bought a used car from Jones. She told the salesman she did not want a "wrecked" car because she already had one. He replied in essence that he had a good car. Dunsil later discovered that the frame of the car was bent; uncontradicted testimony at trial showed that the damage would have been caused by a wreck. In addition, the testimony showed that the damage was discoverable by inspection underneath the car.

> In deciding on the motions for a nonsuit and directed verdict, the trial judge must consider the evidence in the light most favorable to the party resisting the

motions; if more than one reasonable inference can be drawn from the evidence, the judge must submit the case to the jury. *Skipper v. Hartley,* 242 S. C. 221, 130 S. E. (2d) 486 (1963); see also *Williams v. Kinney,* 267 S. C. 163, 226 S. E. (2d) 555 (1976). Here there was sufficient evidence for the case to go to the jury. Fraud may be established not only by showing that the defendant knew of the falsity of his representations, but also by showing that he made the representations in reckless disregard of their truth or falsity. *Carter v. Boyd Construction Co.,* 255 S. C. 274, 178 S. E. (2d) (1971); *Aaron v. Hampton Motors,* 240 S. C. 26, 124 S. E. (2d) 585 (1962).

The submission of the issue of punitive damages to the jury was proper. Knowledge by the tortfeasor that his representations were false is not required for an award of punitive damages. It is only necessary that the defendant was "conscious, or chargeable with consciousness, of his wrongdoing." *Carter v. Boyd Construction Co., supra,* 255 S. C. at 283, 178 S. E. (2d) at 540.

Appellant next assigns error to the charge. The trial judge jumbled propositions of law applicable to fraudulent breach of contract actions (*ex contractu*) with principles applicable to fraud and deceit actions (*ex delicto*). The instructions by the court of irrelevant and inapplicable principles of law was clearly erroneous and may have been confusing to the jury. In *Wright v. Harris,* 228 S. C. 144, 89 S. E. (2d) 97 (1955), this Court restated the rule that it is reversible error to charge a correct principle of law as governing a case when such principle is inapplicable to the issues on trial. In reversing, the Court held it was error to charge the law pertaining to "breach of contract accompanied by a fraudulent act" in an action for "fraud and deceit." This precise error in the instant case prompts reversal and remand

to the Court of Common Pleas for Dorchester County for a new trial.

Reversed and remanded for a new trial.

LITTLEJOHN, NESS and RHODES, JJ., concur.

LEWIS, C. J., dissents.

LEWIS, Chief Justice (dissenting) :

The parties agree that this is an action for fraud and deceit arising out of alleged fraudulent representations made in connection with the purchase of an automobile by the respondent. The jury returned a verdict for respondent in the amount of $800.00 actual damages and $5,800.00 punitive damages. Appellant assigns error in the admission of certain testimony, in the refusal of its motions for nonsuit and directed verdict as to both actual and punitive damages, and in the instructions to the jury.

The majority reverses solely upon the ground that the "trial judge jumbled propositions of law applicable to fraudulent breach of contract actions (*ex contractu*) with principles applicable to fraud and deceit actions (*ex delicto*)." The "jumbled propositions of law" are described as "irrelevant and confusing to the jury" and "clearly prejudicial."

While the charge contains irrelevant references to fraudulent breach of contract and damages resulting from a breach of contract, these references were made in connection with clear and accurate instructions as to the elements of actionable fraud and the necessity to prove fraud as defined.

In my opinion, these instructions could have left no doubt in the mind of the jury that, whether the action be denominated one for fraudulent breach of contract or one for fraud and deceit, respondent had to establish all of the enumerated elements of actionable fraud by clear and convincing testimony in order to recover. Nor can there be doubt that respondent proved a case of actionable fraud.

Appellant argues that the trial judge also confused the jury by instructing them as to the measure of damages for fraudu-

lent breach of contract when the action was one for fraud and deceit. In the instructions on the measure of actual damages, the court stated that "the measure of damages for breach of contract shall be damage that the injured party may reasonably have incurred, a loss one has actually suffered by reason of breach. A person is entitled to be placed in the same position, insofar as this can be done by money, (if) he or she would have occupied if the contract had been fully performed."

Following a further charge that damages recoverable from breach of a contract are such as may be considered to arise naturally from the breach, the jury was instructed that "one injured by the commission of fraud is entitled to recover such damages as will compensate him or her for the loss or injury actually sustained and to place him or her in the same position that he or she would have occupied had he or she not been defrauded. And the recovery is restricted to such damages as were the natural and proximate consequences of the fraud, and such as can be clearly defined and ascertained, including those which were actually or presumptively within the contemplation of the parties when the fraud was committed." The jury was also charged that "the measure of damages of a buyer of an automobile is the difference in value between the value of the car sold and the value of the car as it had been represented."

While the trial judge erroneously referred to the actual "damages recoverable for breach of a contract," there was no difference in the measure of actual damages given for a breach of contract and that given for the ascertainment of the actual damages resulting from fraud. There was no conceivable way for the jury to have been confused by the charge on actual damages because *only one rule was given whether referable to contract or tort.*

On the question of punitive damages the jury was instructed that "'the distinction between the right to recover only actual damages based upon a breach of contract, even

though it was a breach with fraudulent intent, and the right to recover punitive damages for such fraudulent breach rests upon the well established precept that there must be a fraudulent act accompanying the breach with fraudulent intent in order to sustain a claim for punitive damages."

It is well settled that, in actions for fraud and deceit, punitive damages are recoverable upon a showing of reckless, wilful, or wanton conduct. *Young v. Goodyear Service Stores,* 244 S. C. 493, 137 S. E. (2d) 578.

The distinction between the right to recover punitive damages in actions for breach of contract and actions in tort has been drawn in numerous cases. It is uniformly emphasized that "mere wilful violation of a contract does not entail upon the defaulting obligor liability for punitive damages", *Collopy v. Citizens Bank of Darlington,* 223 S. C. 493, 77 S. E. (2d) 215, 218, and that "breach of contract, however fraudulent the intent impelling or accompanying it, does not of itself give rise to a cause of action for punitive damages", *Blackmon v. United Insurance Company,* 233 S. C. 424, 105 S. E. (2d) 521; but that, in order to recover punitive damages for breach of contract, the breach must have been accomplished with fraudulent intent and accompanied by a fraudulent act, *Holland v. Spartanburg Herald-Journal Company,* 166 S. C. 454, 165 S. E. 203.

Our decisions clearly show that the rule in contract cases, requiring proof of a fraudulent act accompanying the breach to recover punitive damages, is a much more strict rule of liability than that applied in tort cases where recovery of punitive damages is allowed upon proof of a wilful, wanton, or reckless act.

Therefore, when the trial judge instructed the jury that "there must be a fraudulent act accompanying the breach with fraudulent intent in order to sustain a claim for punitive damages," he imposed upon plaintiff-respondent a greater burden than was required and, accordingly, gave appellant the benefit of a favorable instruction to which it was

not entitled. Having received the benefit of the more favorable instruction on the basis of liability for punitive damages, appellant should not now be heard to complain.

In addition to my opinion that the record is devoid of any reasonable inference of prejudice to appellant from the charge of the jury, I am convinced that appellant failed to properly except to the alleged errors and seek correction thereof by specific requests for clarification. Instead, appellant moved for a *mistrial* because of the alleged errors, which was properly denied. However, I do not rest my conclusion, that the judgment should be affirmed, on that ground, because I find in the Statement the agreement of counsel that "objections were also timely made by the defendant as to portions of the charge to the jury, which . . . were overruled by the Presiding Judge."

The remaining exceptions of appellant for reversal are clearly without merit. The exceptions relating to rulings on the admissibility of evidence involve purely discretionary matters with no showing of abuse.

The contention that the verdict was so excessive as to indicate prejudice, passion or caprice is not supported by the record. Respondent purchased an automobile from appellant and specified that she did not want a wrecked automobile. Notwithstanding her expressed wishes, appellant sold to her a used car, that had been wrecked, under circumstances which give rise to the reasonable inference that the wrecked condition of the car was not observable by respondent but was known to appellant. The verdict for actual damages was in line with the testimony and the amount of the award for punitive damages was not so excessive as to warrant the conclusion that it had no reasonable relation to the elements properly considered in awarding such damages.

I would affirm the judgment and therefore dissent.