20437

Herman E CAIN, Appellant, v. Everette W. NOEL, Avory Bland, Virgil Wall, Raymond Cook, Ralph C. Scott, Mark Adams and Sam Crouch, in their official capacities as Trustees for the School District of Edgefield County, Respondents.

(235 S. E. (2d) 292)

584

*Messrs. Quinn & Smith,* of Columbia, *for Appellant,*

*Joe F. Anderson, Esq.,* of Edgefield, *for Respondents,*

May 19, 1977.

Ness, Justice:

Appellant instituted this action seeking to enforce an alleged contract. The jury returned a verdict in favor of the respondents. We reverse.

Appellant served as Chief School Administrator of Edgefield County for six years. In early June of 1975, the parties had various discussions concerning appellant's continued

employment as School Administrator. On June 20, 1975, appellant made a settlement proposal to the School Board. On June 21, 1975, the appellant received a letter from the Board rejecting the settlement offer and providing "in any event, the alternative mentioned above, or any other alternative, will be terminated by the Board after twelve o'clock, noon, on Friday, June 27, 1975."

On June 26, 1975, appellant received a written proposal from the Board offering to pay his salary through December of that year in return for his resignation and other consideration. On June 30, 1975, appellant simultaneously delivered the following two letters to the Board:

"Dear Mr. Noel:

The hand written letter, delivered at 8:30 p. m., Thursday, June 26, 1975, is hereby acknowledged.

This is to inform you that I will accept the Board's proposal, since acceptance of this proposal will not be construed by the Board as any admission of wrong doing, real or implied, on my part.

Item one (1) of your proposal requests a resignation effective July 12, 1975. Item two (2) that in view of past services and other, that my salary be continued until December 31, 1975. On the basis of this proposal I will accept the six (6) months salary, preferably in a lump sum or by the month. My resignation attached is based on the proposal from the Board of Trustees.

Sincerely,

Herman S. Cain
Chief School Administrator"

"Dear Mr. Noel:

For personal reasons, I hereby submit my resignation to be effective July 12, 1975.

Sincerely,

Herman S. Cain
Chief School Administrator"

Appellant was subsequently informed by telephone that the Board had accepted his resignation but refused to pay him his salary after the termination of his employment. Formal acceptance of the resignation was made by letter on July 8, 1975:

"Dear Mr. Cain:

As you were informed by the Chairman via telephone on June 30, 1975, the Board of Trustees have accepted your resignation which you submitted by letter dated June 30, 1975.

As indicated in your letter, your employment as Administrator for the School System of Edgefield County will terminate on July 12, 1975, at the end of office hours.

Respectfully,

/s/ Everette W. Noel
Chairman"

The foregoing facts are not in dispute. Prior to submission of the case to the jury, appellant moved for a directed verdict on the ground that an enforceable contract had arisen between the parties. In deciding such motions, "the trial judge must consider the evidence in the light most favorable to the party resisting the motions; if more than one reasonable inference can be drawn from the evidence, the judge must submit the case to the jury. *Skipper v. Hartley,* 242 S. C. 221, 130 S. E. (2d) 486 (1963); see also *Williams v. Kinney,* 267 S. C. 163, 226 S. E. (2d) 555 (1976)." *Dunsil v. E. M. Jones Chevrolet Co., Inc.,* S. C., 233 S. E. (2d) 101 (filed March 2, 1977). The evidence was susceptible to only one reasonable inference and it was error to refuse the motion for a directed verdict.

The expressed duration of the power of acceptance is within the absolute discretion of the offeror; a limitation of the time within which an offer may be accepted is binding. 17 C. J. S. Contracts § 51b. One cogent authority provides that a purported acceptance which is not

timely is itself a counter offer which must be accepted to create a contract. Restatement (2d), Contracts, § 73. More general commentary intimates a power to retroactively approve a belated acceptance. 17 Am. Jur. (2d), Contracts, § 56.

Regardless of the legal analytical vehicle, *i.e.,* a counter offer and acceptance or an express retroactive waiver of the time limitation for the acceptance, the end result is the same. June 27, 1975, was established by the School Board as the termination date for "any alternative." Appellant's purported acceptance, although made after the termination of the power of acceptance, was subsequently accepted by the Board.

"If the party who made the prior offer properly expresses his assent to the terms of the counter offer, a contract is thereby made on those terms. The fact that the prior offer became inoperative is now immaterial; and the terms of that offer are also immaterial except in so far as they are incorporated by reference in the counter offer itself." 1 Corbin on Contracts, § 89, pp. 379-380.

Appellant's resignation was tendered premised on the continuation of his salary through December, the identical terms of the Board's lapsed offer. The Board's written acceptance of the resignation expressed a consent to be bound by the terms of the resignation and formed a binding contract between the parties. *Hughes v. Edwards,* 265 S. C. 529, 220 S. E. (2d) 231 (1975). Unqualified acceptance of the resignation bound the Board to the terms of the resignation.

Accordingly, we reverse the verdict and enter judgment in favor of the appellant.

Reversed.

LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, JJ., concur.