0104

Michael A. WATERS, Appellant, v. The UNIVERSITY OF SOUTH
CAROLINA, Respondent.

(313 S. E. (2d) 346)

Court of Appeals

*William F. Able,* Columbia, *for appellant.*

*Timothy G. Quinn,* Columbia, *for respondent.*

Feb. 27, 1984.

SHAW, Judge:

This is an appeal from a directed verdict granted by a Circuit Judge to the respondent — the University of South Carolina. Appellant-Waters is appealing the grant of the directed verdict to the University on its alleged breach of contract. The University is not appealing the grant of a directed verdict to Waters on the incidental expenses. We affirm.

In December of 1972, Waters signed an athletic grant-in-aid contract with the University of South Carolina (USC) to play football. The grant-in-aid became effective in September of 1973 for a period of four years. It provided, among other things, that USC would furnish Waters with room, board, tuition, books, fees and incidental expenses of $15.00 per month, that continuance of the grant was contingent upon Waters remaining academically eligible and his abiding by the rules and regulations of USC and the National Collegiate Athletic Association (NCAA), and that the grant would be

honored if Waters was injured while playing football.

Waters was injured on November 17, 1973, while playing football for USC. The injury prevented him from playing football in the future and also prevented him from finishing the 1973 fall semester and from attending the 1974 spring semester. Waters attended the first summer session of 1974, residing in regular on-campus housing. From the 1974 fall semester through the 1977 spring term, Waters resided in the "Roost" (the athletic dormitory).

In the fall of 1975, Waters' $15.00 per month incidental expenses were terminated. In August of 1977, Waters was told to seek alternate housing. USC compensated for the loss of housing by giving Waters $175.00 per month for room and board; the University continued to pay for tuition, books, etc.

Because Waters believed that regular on-campus housing was already overcrowded, he made no effort to secure on-campus housing. Waters resided in an off-campus apartment for two semesters (fall 1977 and spring 1978) and was forced to incure expenses in excess of the $175.00 per month the University gave to him. He then brought this suit alleging breach of the grant-in-aid contract and sought damages of $18,000, the difference between his room and board allowance and his actual expenses.

South Carolina Code Section 15-33-10 allows a trial judge to direct a verdict when the case before him presents only questions of law. Both parties to this lawsuit moved for directed verdicts as the foregoing facts are not in dispute. In deciding such motions, the trial judge must consider the evidence in the light most favorable to the party resisting the motions. If more than one reasonable inference can be drawn from the evidence, the judge must submit the case to the jury. *Cain v. Noel*, 268 S. C. 583, 235 S. E. (2d) 292 (1977); *Dunsil v. Jones Chevrolet*, 268 S. C. 291, 233 S. E. (2d) 101 (1977); *Williams v. Kinney*, 267 S. C. 133, 226 S. E. (2d) 555 (1976). The evidence here was susceptible of only one reasonable inference, and it was not error to grant the University's motion for a directed verdict.

The express terms of the grant-in-aid provide that the grant was effective for a period of four years, which is eight semesters of school. Waters received benefits under the grant-in-aid for the fall 1973 semester, the first summer

session of 1974, the 1974 fall semester, the spring and fall semesters of the years 1975 through 1977, and the 1978 spring semester. Thus, Waters received benefits under the grant-in-aid for nine semesters and one summer school session when he was entitled to only eight semesters. The extra benefits received by Waters were based on a USC policy of continuing benefits to injured athletes. However, these extra benefits are not part of the grant-in-aid but were merely gratuitous. USC was obligated to provide only eight semesters under the grant-in-aid and more than fulfilled its part. There has been no breach of contract by USC. Accordingly, the judgment below is

Affirmed.

BELL and CURETON, JJ., concur.