0200

E. G. ROBINSON, III, Respondent, v. E. J. REDGATE, Appellant.
(317 S. E. (2d) 474)

Court of Appeals

*William E. Bird,* of *Ferrene & Associates,* Hilton Head Island, *for appellant.*

*Ronald R. Norton,* of *Bethea, Jordan & Griffin,* Hilton Head Island, *for respondent.*

Submitted March 30, 1984.

Decided June 18, 1984.

GARDNER, Judge:

Plaintiff Robinson brought this action against E. J. Redgate (Redgate) for services rendered pursuant to a contract employing the plaintiff to sell certain property. From a jury verdict for the plaintiff, Redgate appeals. We affirm.

The contract is entitled "Multiple Listing Service" and provides that Redgate will be liable for a sales commission if Robinson secures a buyer who is ready, willing and able to purchase the subject property for $156,000 or at any price and

terms acceptable to Redgate. After the testimony, the case was submitted to the jury which returned a verdict for the full amount the plaintiff prayed for.

We first address Redgate's contention that there was insufficient evidence of breach of contract by Redgate to submit the case to the jury and that the trial judge erred in failing to grant Redgate's motion for a directed verdict.

Redgate agreed by the listing contract with the plaintiff to pay a 10 percent commission if plaintiff secured a buyer who was ready, willing and able to purchase the subject property at the price and on the terms appearing in the contract or at any price and terms acceptable to Redgate. The plaintiff introduced evidence at the trial that the only price and terms acceptable to Redgate were offers providing for a selling price of $156,000 with a down payment of a sum not greater than 30 percent of the selling price and with the balance to be financed by Redgate over a period of three years at 10 percent interest per annum. The plaintiff testified that Redgate had handed him a letter from his tax attorney giving advice to him to sell the property with a down payment of not more than 30 percent and the balance to be financed by Redgate over a period of three years at 10 percent interest. Plaintiff testified that Redgate authorized him to find purchasers on these terms. Redgate denied that he had instructed the plaintiff to procure offers with these terms, although he did admit that he had discussed these terms with the plaintiff and that the letter from his tax attorney had been given to plaintiff.

The plaintiff testified that as a result of Redgate's instruction, he procured three written offers to purchase the property at the price and on the terms which plaintiff testified that Redgate had agreed to accept. The plaintiff testified that Redgate refused to accept the offers, giving various excuses, and that finally he, Redgate, told the plaintiff that he had changed his mind about selling the property. The plaintiff also testified that Redgate admitted that he owed the plaintiff the sales commission. A careful reading of the entire testimony reflects that the evidence is conflicting. The plaintiff testified that he found buyers for the property; Redgate denies this. It thus became a question for the jury. "In deciding on motion for nonsuit and directed verdict, trial judge must consider evidence in the light most

favorable to the party resisting the motions; if more than one reasonable inference can be drawn from the evidence, the judge must submit the case to the jury." *Dunsil v. E. M. Jones Chevrolet Co., Inc.*, 268 S. C. 291, 233 S. E. (2d) 101 (1977).

Redgate next contends that the trial judge erred by not permitting cross-examination of the plaintiff for purposes of impeachment about a possible violation of the rules of ethics of real estate brokers. The trial judge ruled that this testimony was irrelevant to the issues being tried. The exclusion of evidence at trial is addressed to the sound discretion of the trial judge. The exercise of his discretion will not be disturbed on appeal absent a showing that the trial judge abused his discretion, or committed legal error in its exercise, or prejudiced the appellant's rights. *Hook v. Rothstein*, 316 S. E. (2d) 690 (S. C. App. 1984). We find no error in the trial judge's exclusion of the proffered testimony, and we hold that there was no error in the trial court's refusal of Redgate's Requests to Charge concerning good faith, and fiduciary obligations and responsibilities of real estate brokers; there is no admissible evidence of record establishing the relevancy of these Requests to Charge.

In view of the conclusions reached by this court, there is no need to address Robinson's additional sustaining ground that the trial court should have entered judgment by default against Redgate.

For the foregoing reasons, the judgment below is affirmed.

Affirmed.

CURETON and GOOLSBY, JJ., concur.