0310

Beth JENNINGS, Respondent, v. FIRST OF GEORGIA UNDERWRITERS COMPANY and Robert P. Lusk, Defendants, of which First of Georgia Underwriters Company is Appellant.

(322 S. E. (2d) 694)

Court of Appeals

*Herman E. Cox,* Greenville, *for appellant.*

*David B. Ward,* of *Horton, Drawdy, Hagins, Ward & Johnson, P. A.,* Greenville, *for respondent.*

Heard Sept. 17, 1984.

Decided Nov. 5, 1984.

SHAW, Judge:

This case hinges on the application of a third party coverage clause in an insurance policy. The trial court ruled respondent Beth Jennings to be a third party beneficiary under Robert P. Lusk's homeowner's insurance policy with appellant First of Georgia Underwriters Company and directed verdict in Jennings' favor. Thus, First of Georgia's appeal raises two issues: (1) whether Jennings is a third party beneficiary, and (2) whether she is entitled to a directed verdict. We affirm.

Jennings and Lusk married in August of 1979. On January 3, 1980, their marriage was annulled *ab initio* on the ground they were unable to consummate their relationship; nevertheless, Jennings and Lusk continued to live in the same residence until mid or late February of 1980. On February 7, Jennings traveled to Atlanta; when she returned two days later, she found several items of jewelry missing, including her diamond engagement ring. The ring was scheduled on Lusk's homeowner's policy with First of Georgia. When First of Georgia denied her claim for coverage on the ground she was not Lusk's spouse and thus not a named insured, Jennings brought this action.

■ Lusk's policy contains the following provision:

In addition we will cover at your request personal property owned by a guest or a residence employee, while the property is in any residence occupied by any insured.

The parties stipulated Jennings was a guest in Lusk's residence and that the ring was in the residence when lost. The

trial court found Lusk requested insurance coverage when he scheduled the ring. We refuse to disturb this finding because there is evidence reasonably supporting it. *Townes Associates, Ltd. v. City of Greenville*, 266 S. C. 81, 221 S. E. (2d) 773, 775 (1976). The record reveals Lusk took care of separately listing all Jennings' jewelry on his insurance policy. We find no basis for accepting the insurer's argument that this policy provision required Lusk not only to schedule the ring but also to file the claim. The Supreme Court has held contracts between two persons for the benefit of a third party can be enforced by the third person even though she is not named therein. *Kingman v. Nationwide Mutual Insurance Co.*, 243 S. C. 405, 134 S. E. (2d) 217, 221 (1964). Therefore, the trial court was correct in holding the third party coverage provision in Lusk's policy applicable to Jennings' ring and enforceable by Jennings.

S. C. Code Ann. Section 15-33-10 (1976) provides when a case "presents only questions of law the judge may direct a verdict". In considering a motion for a directed verdict "the trial court must consider the evidence in the light most favorable to the [non-moving] party. . . . If more than one reasonable inference can be drawn from the evidence, the judge must submit the case to the jury". *Waters v. University of South Carolina*, 280 S. C. 572, 313 S. E. (2d) 346, 347 (Ct. App. 1984). This case presents only a question of law because the facts are stipulated. Even when considered in the light most favorable to First of Georgia, the only reasonable inference from these facts is that Jennings is a third party beneficiary. Therefore, the trial court was correct in directing a verdict for Jennings.

Affirmed.

BELL and GOOLSBY, JJ., concur.