23565

Robert G. MILLER, Appellant v. SCHMID LABORATORIES, INC., a/k/a Schmid Products Company, Brad Foster, and Roy Kelly, Respondents.

(414 S.E. (2d) 126)

Supreme Court

*Karl L. Kenyon,* Anderson, *for appellant.*

*Gray L. Geddie, Jr.* and *William S. Rutchow,* of Greenville, *for respondents.*

Heard Dec. 6, 1991.

Decided Jan. 27, 1992.

TOAL, Justice:

This is an appeal from the jury verdict in favor of the employer in a wrongful termination action by an at-will employee. The sole issue we address on appeal is whether the trial judge erred in charging the jury on the definition of bilateral contract in an at-will employee's action for wrongful termination against the employer based upon the procedures in the employee handbook. We reverse and remand.

## FACTS

Miller was employed by Schmid in February, 1978 as a maintenance supervisor. Miller was transferred to the Anderson, South Carolina, plant in 1981. His original position at the Anderson plant was plant engineer. In 1987, Miller was promoted to fabrication manager. Due to a decline in business, the position of fabrication manager was eliminated in July, 1988 and Miller was laid off.

Miller claimed that his layoff was in violation of the provisions of the employee handbook prepared by Schmid. Schmid claimed that the handbook did not apply to Miller because he was a salaried management employee and the employee handbook applied only to hourly employees. Miller did not claim a bilateral contract of employment with Schmid, he claimed reliance on the Schmid employee handbook.

Before sending the case to the jury, the trial judge charged the jury with language from *Small v. Springs Industries, Inc.,* 292 S.C. 481, 357 S.E. (2d) 452 (1987). The trial judge then

charged the legal definition of bilateral contract. Miller claims on appeal that the jury charges were confusing. We agree.

## LAW/ANALYSIS

In *Small*, this Court held that an employee handbook may form the basis for an employment contract between the employer and employee. This Court rejected, in *Small*, Spring's argument that there could be no contract "because there was no mutuality or 'meeting of the minds' between the parties." *Small* at 484-85, 357 S.E. (2d) at 454. The trial judge properly charged the law of *Small*. However, after giving the *Small* charge, the trial judge charged:

> I want to go into the substantive law as it relates to this claim. The Plaintiff is proceeding on a single cause of action for what's called breach of an employment contract. Our courts have sometimes referred to as wrongful termination. . . . I want to go back and define some terms that you may not be familiar with. Let me first define a contract. It's an agreement between two or more parties in which the minds of the parties meet and concur in understanding it's terms. Generally speaking in all contracts the parties must exhibit a mutual intent to be bound. Without actual agreement of the parties, there is no contract.

The charges in this case could have been interpreted as requiring that Schmid and Miller mutually agree that the employee handbook was applicable to Miller and without "actual agreement between the parties, there is no contract." This is not the law under *Small*. Traditional "meeting of the minds" is not required. *Id.* at 484-85, 357 S.E. (2d) at 454. It is certainly possible under *Small* for a company to unintentionally bind itself through an employee handbook. The relevant issues here were whether the handbook set out procedures which bound Schmid, if so did it apply to Miller, and did Schmid violate its own procedures. Thus, whether there was a "meeting of the minds" between the parties is irrelevant on the issue of whether an employee handbook can form the basis of a contract between the employer and employee.

"The instructions by the court of irrelevant and inapplicable principles of law was clearly erroneous and may have been

confusing to the jury." *Dunsil v. E.M. Jones Chevrolet Co.*, 268 S.C. 291, 295, 233 S.E. (2d) 101, 103 (1977). While the judge may have charged the correct definition of bilateral contract, "it is reversible error to charge a correct principle of law as governing a case when such principle is inapplicable to the issues on trial." *Id.*

Reversed and remanded for a new trial.

HARWELL and FINNEY, JJ., concur.

GREGORY, C.J., and Acting Associate Justice BRUCE LITTLEJOHN, dissenting in separate opinion.

GREGORY, Chief Justice, dissenting:

I respectfully dissent. I adhere to the view expressed in my dissenting opinion in *Small v. Springs Industries, Inc.*, 292 S.C. 481, 357 S.E. (2d) 452 (1987), that an employee handbook does not constitute a unilateral contract where there is an existing at-will employment agreement and no valid consideration is given in addition to mere continuation of the employment. I conclude Miller was not entitled to the requested charge defining a unilateral contract and would affirm the jury verdict in this case.

Acting Associate Justice BRUCE LITTLEJOHN concurs.